CLARK *vs.* TERRY.

A., in February, agreed by parol to labor for B. for one year from the 1st day
of April next following, at a specified price per day, payable at the end of
each half year. He commenced laboring under the contract on the 1st day
of April, and continued till the 11th day of June, when, without sufficient
cause, he left the service of B., and in July next following, brought an action
of assumpsit to recover for the labor performed, claiming that the contract
was inoperative by reason of the statute of frauds. Held, that the terms of
the contract were nevertheless to be considered, in determining the time when
payment was to be made, and that the suit, having been instituted before the
time when, by the contract, the first payment was to be made, was prema-
turely brought.

The case of *Comes* v. *Lamson*, 16 Conn. R., 246, commented on.

It is decided in that case, that a claim otherwise legal and just, can not be
defeated by setting up a contract inoperative under the statute of frauds.

But this does not imply that services performed under such a contract, stand
on the same ground as if no contract had been made.

Where the performance of the contract is a condition precedent of the right to
recover, there can be no recovery until the contract is performed.

And the condition does not become void, merely because it constitutes a part
of the terms of a contract which can not be enforced by action.

Where, in such cases, there is a right of recovery, the rule determining the
amount to be recovered, is the same that prevails where services have been

performed under a special contract, the terms of which have not been complied with, but which services have been of benefit to, and accepted by, the party for whom they were rendered ; in which case, the amount of the benefit, rather than the ordinary value of such services, furnishes the rule of compensation.

And in determining the amount of such compensation, all the circumstances under which the services were rendered, are to be taken into consideration, and among them the existence and terms of the contract.

THIS was an action of assumpsit, tried upon the general issue, closed to the court, at the term of the superior court for the county of New London, holden in August, 1856.

On the trial, the plaintiff sought to recover for fifty-nine and three-fourths days' labor performed by him between the 1st day of April and the 11th day of June in the year 1856, at the rate of $1.62½ per day. The suit was brought on the 26th day of July, 1856.

It was found by the court, that the labor was performed under a parol contract made on the 18th day of February, 1856, by which the plaintiff agreed to work for the defendant for one year from the 1st day of April, 1856, for $1.62½ per day, to be paid semi-annually on the first days of October, 1856, and April, 1857 ; and that the plaintiff left the service of the defendant on the 11th day of June, 1856, without the consent of the defendant, and solely because he was offered higher wages elsewhere.

The plaintiff claimed that as this contract was not to be performed within one year from the time it was made, it was inoperative under the statute of frauds ; and that he was entitled to recover what his work was reasonably worth to the defendant, making a reasonable deduction for any damage sustained by the defendant in consequence of his leaving his service before the expiration of the year.

The defendant claimed that the performance of the contract was a condition precedent of the plaintiff's right of recovery, and that not having performed, he was not entitled to recover.

He also claimed that, if the plaintiff was entitled to a reasonable compensation, no right of action accrued therefor until the time fixed by the contract for payment.

The court held, that the defendant was not precluded, by the parol character of the contract, from showing that the plaintiff's labor was performed under it; and that the contract being entire, and not having been performed by the plaintiff, he could not recover; and rendered judgment for the defendant.

The plaintiff moved for a new trial, upon sundry exceptions. Other questions made, are not of importance in the view of the case taken by this court.

*Mc Curdy* and *Crosby*, in support of the motion.

1. A contract void under the statute of frauds can not be used as a defense. *Comes* v. *Lamson*, 16 Conn. R., 246. 1 Sw. Dig., 262. Smith on Master and Servant, 72 Law Lib., 17, 20.

2. This contract, not being to be performed within a year, is clearly within the statute of frauds. *Lower* v. *Winters*, 7 Cowen, 263. *Russell* v. *Slade*, 12 Conn. R., 456. *Boydell* v. *Drummond*, 11 East., 142. *Bracegirdle* v. *Heald*, 1 B. & A., 722. *Drummond* v. *Burrell*, 13 Wend., 307. *Shute* v. *Dorr*, 5 Wend., 204, and authorities supra.

3. Part performance does not take it out of the statute. *Comes* v. *Lamson*, 16 Conn. R., 246. *Eaton* v. *Whitaker*, 18 Conn. R., 222, and authorities supra.

4. Even if there was a valid contract between the parties, the plaintiff has not forfeited his right to compensation by leaving, and may still recover so much as his services were reasonably worth.

This point is expressly decided in *Britton* v. *Turner*, 6 N. Hamp., 481, and this decision is referred to with special approbation by Parsons, in his recent work on contracts. 1 Pars. on Cont., 524, 525, notes p. and q. See also 2 Pars. on Cont., 35, note d. Chitty on Cont., 6 Am. ed., 580, note. 2 Smith's Lead. Cas., 14. *Snow* v. *Inhabitants of Ware*, 13 Met., 49. *Oxendale* v. *Wetherell*, 9 B. & C., 386. *Reed* v. *Rann*, 10 B. & C., 439. *Bowher* v. *Hoyt*, 18 Pick., 555. *Hayward* v. *Leonard*, 7 Pick., 181. *Smith* v. *Lowell*, 8 Pick., 178.

*Halsey*, contra.

1. The contract in this case was entire, and the plaintiff, having left the defendant's service without cause, before the expiration of the year, and before the time of payment, can not recover. 1 Pars. on Cont., 522, and note. Chit. on Cont., 501, note 1. Notes to *Cutter* v. *Powell*, 2 Smith's Lead. Cas., 41. Such has always been the rule in Connecticut.

2. The parol character of the contract does not render it unavailable as a defense to the plaintiff's action. 1st. The statute of frauds operates as a rule of evidence. Here the evidence was received without objection, both parties offering parol evidence to prove the contract. The contract being proved, the court was bound to give it the legal effect which the defendant claimed. 2d. The statute does not declare contracts within it void, but that no action shall be maintained upon them. Contracts good at common law, remain good for all purposes except those expressly negatived by the statute. 2 Pars. on Cont., 337. *Leroux* v. *Brown*, 14 Eng. L. & E., 247. The contract may, therefore, be shown for many purposes. *Stone* v. *Dennison*, 13 Pick., 1. *Larkin* v. *Avery*, 23 Conn. R., 304. 10 Pet. Abr., 95, note. *Richardson* v. *Gifford*, 1 A. & E., 52, (28 E. C. L., 35.) 3d. It should regulate the amount and time of payment. The plaintiff could not recover, therefore, for the reason that the action was prematurely brought. The time for payment had not arrived. *Hatwell* v. *Jewett*, 9 N. Hamp. R., 249.

3. The stipulation for payment on the 1st of October, was not within the statute. *Moore* v. *Fox*, 10 John., 244. Notes to *Peters* v. *Compton*, 1 Smith's Lead. Cas., 376.

4. If the contract can not be shown, then the law presumes the hiring to be by the year. Chit. on Cont., 501. Parsons on Cont., 518, note.

HINMAN, J. This action was commenced in July, 1856, and in it the plaintiff claims to recover for fifty-nine and three-fourths days' labor performed for the defendant, at the rate of $1.62½ per day.

The labor was performed under a parol contract for a year's labor at that rate, which was made in February, 1853, and was to commence the 1st day of April then next, and the wages to be paid semi-annually, on the 1st day of Octo- ber and the 1st day of April next after the service was to commence.   After the plaintiff had worked for the time for which he claims to recover, he left the service without cause, and merely because he was offered higher wages, and thus refused to perform his contract.

The superior court was of opinion that he was not entitled to recover, on the ground that the contract was entire, for a year's service, which the plaintiff refused to perform, and was not, therefore, entitled to anything for what he had done under it.   Were it not for the statute of frauds and perjuries, there could be no doubt as to the correctness of this opinion. 2 Phil. Ev., 115.

But the plaintiff relies upon that clause of the statute which provides that no suit in law or equity shall be brought or maintained upon any contract or agreement that is not to be performed for the space of one year from the making thereof, unless the agreement shall be made in writing, &c.; and upon the case of *Comes* v. *Lamson*, 16 Conn. R., 246, in which it was held that a claim for labor, otherwise legal and just, could not be defeated, by setting up the non-perform- ance of a contract on which no action could be maintained under this clause of the statute.

We do not feel called upon to decide this point in the case, because it appears to us, from the facts found by the superior court, that the suit was commenced before the debt was due, even if the plaintiff can maintain an action for the wages earned before he left the defendant's service.

It is true, that if the plaintiff can recover at all, it must be for a *quantum meruit*, or so much as he deserves to have, for the service performed.   But this is not to be measured by the value of such services alone, as if no contract had been made between the parties.   Nor can the time of payment for the service, as it was agreed to in the contract, be disre- garded.   It would obviously be unjust for a party to contract

to labor for a year and a day, at a stipulated rate of wages, to be paid at the end of the term, and, after he had labored half the time, refuse to go on, and demand immediate payment for the wages earned, before the expiration of the time.

The case of *Comes* v. *Lamson* shows that a just and legal claim can not be resisted, on the ground that the service was performed under a contract which is inoperative by reason of the statute; but this does not imply that services performed under such a contract, stand upon the same footing in respect to the compensation to be paid therefor, as if no such contract had been made. On the contrary, it is said in that case, that where a person has entered into a contract for service, and has made the performance on his part a condition precedent to his right to recover, he can not enforce payment till he has performed the service. And it may be added that, so long as there is nothing illegal in the condition, it does not become void merely because it constitutes part of the terms of a contract which can not be enforced by action.

In respect to the amount of compensation for such services, the rule must be the same as that which prevails where services have been performed under a special contract, the terms of which have not been complied with, but the services have nevertheless been of benefit to the other party, and he has accepted them by receiving the benefit. In this class of cases, we suppose the amount of such benefit, rather than the ordinary value of such services, is the rule. 2 Sm. L. C., 35, 42.

In the case of *Comes* v. *Lamson*, it was said the parties contracted with full knowledge of the law which entered into and formed a part of the contract; and on the ground that they knew that no suit could be maintained on it, if it was not performed, the court would not presume that the intention was that nothing should be paid for any service less than the full term, which might be rendered under it. But had the contract been of such a nature as to exclude the idea of any compensation, unless the party served the full term,

the fair inference is that nothing would have been recovered in that case.

That decision, then, does not go to the extent claimed for it on the part of the plaintiff,—that the terms of such a contract are to be wholly disregarded in a suit for wages earned under it; and that they can not be shown for any purpose. On the contrary, the reasoning of the court is based on the assumption that, for the purpose of showing that the claim for wages is unjust, the contract may be proved.

Now in respect to the question whether wages have been earned, which ought to be paid for, and if so to what extent or amount, and when the payment ought to be made, it appears to us that all the circumstances under which they are claimed to have been earned, including the contract under which the service was performed, although it may be one that can not be enforced by any action directly upon it, may and ought to be considered.

A person agrees to labor for another for a longer period than a year, at a low rate of wages : can he leave just before the expiration of the time, and then demand the ordinary rate ? And, in such a case, can not the employer show the contract, in order to regulate the rate ? And if he can do it for this purpose, can he not also do it for the purpose of showing when, by the terms of the contract, he was to pay the wages ?

Where a person, who had been a slave in the West Indies, performed service for his master in England, where he was free, it was held that he could not recover for such service, unless he could show some subsequent express contract. *Alfred* v. *Marquis of Fitzjames*, 3 Esp. R., 3. Chit. on Cont., 575.

In *Hartwell* v. *Jewett*, 9 N. Hamp., 249, it was held, that though a servant may recover on a *quantum meruit*, for part of the service performed under a hiring for a year, yet the action could not be brought until, by the terms of the contract, the wages would be due.

Now, by the terms of this contract, the first payment of the plaintiff's wages was to be on the 1st day of October,

but the suit was commenced in the previous July. We think, therefore, whatever may be the plaintiff's right to recover after the wages became due, that this suit was prematurely commenced; and although the case was not decided below on this point, yet as the facts expressly appear in the finding, and must be fatal to the plaintiff's recovery on another trial, it is obvious that a new trial can be of no benefit to the plaintiff, in any event; and we therefore, without making any decision upon the point on which the case seems to have turned in the superior court, do not advise a new trial.

In this opinion the other judges, WAITE and STORRS, concurred.

New trial not to be granted.