WILLIAM H. GALVIN, Respondent, v. JAMES H. PRENTICE,
Appellant.

In an action upon *quantum meruit* for two years' services, performed under
an entire contract for a longer period, void by the statute of frauds, the
rate of compensation fixed by the agreement during the whole term is not
even *prima facie* evidence as to the value of the services rendered, where,
at the commencement of the term of service, the plaintiff was ignorant
of the business in which he was employed, and ordinary skill therein was
only acquired by instruction and practical experience for a considerable
time.

Where services are rendered under a contract void by the statute of frauds,
no action can be maintained to recover their value, except upon the
default of the other party, or his refusal to go on with the contract.
RAPALLO, J.

*Lockwood* v. *Barnes* (3 Hill, 28) approved.

(Argued February 9; decided March 21, 1871.)

APPEAL from the judgment of the General Term of the
Supreme Court of the second district, affirming a judgment
of the City Court of Brooklyn for the plaintiff.

The action was by an amendment of the complaint, per-
mitted by the court, changed from one on special contract to
one on *quantum meruit* for the balance due for plaintiff's ser-
vice for two years.

It appeared that the plaintiff was verbally hired by the
defendant, in May, 1866, to work in the latter's hat factory for
the term of three years, upon the following terms: He was to
have five dollars a week until he had learned to finish hats
properly, and then was to have journeyman's wages. Two
dollars a week were to be deducted from his wages for instruc-
tion, damage to material, and use of bench, called "task"
money, and fifty cents a week deducted, called "security"
money, to be returned to him at the end of the three years,
but to be retained, if he left before the end of the three years
or was discharged for good cause.

The plaintiff worked from May, 1866, to April, 1868, and
then stopped. The evidence was conflicting as to whether or

not he was discharged. The deduction of two dollars and fifty cents a week from his wages had been made pretty regularly; and it was for the aggregate of these deductions the action was brought.

The judge charged the jury that, in his view, the discharge had nothing to do with the case; that "it was a void contract, a contract which could not be enforced, which either party had a right to rescind at any time, and therefore it is a mere matter of how much the services are worth. I would state, that whatever amount the jury find they are worth the plaintiff is entitled to. The contract, although void, may be considered *prima facie* evidence of the value of the services."

The defendant excepted to that portion of the charge that the contract might be considered *prima facie* evidence of the value of the services.

*William P. Prentice,* for the appellant, upon the points discussed in the opinion, cited *Erben* v. *Lorillard* (19 N. Y., 299); *Crawford* v. *Morrell* (8 Johns., 253); *Thayer* v. *Rock* (13 Wend., 53); *Duncan* v. *Blair* (5 Denio, 196); *Baker* v. *Higgins* (21 N. Y., 398); *Starr* v. *Litchfield* (40 Barb., 541); *Cunningham* v. *Jones* (20 N. Y., 486); *McMillan* v. *Vanderlip* (12 Johns., 165); *Lautz* v. *Parks* (8 Cow., 63).

*John F. Baker,* for the respondent, upon the same points, cited *Weir* v. *Hill* (2 Lansing, 281); *Shute* v. *Dow* (5 Wend., 204); *Nones* v. *Homer* (2 Hilt., 116); 2 Smith's Lead. Cas., 11; 2 Keyes, 152; 3 Hill, 128; *King* v. *Brown* (2 id., 128).

RAPALLO, J. That part of the charge of the judge, in which he instructed the jury, that the contract, although void, might be considered *prima facie* evidence of the value of the services, was, under the circumstances of this case, erroneous; and the exception thereto, was well taken.

The contract price of the services, was fixed with reference to a continuous service of three years. It appeared, upon the plaintiff's own showing, that the contract was that he should

work for three years, and be paid the portion of his wages, now in question, only in case he served three years, or was discharged for want of work.

The plaintiff claimed that he had been discharged, but the evidence on that point, was conflicting, and the judge charged the jury, that the discharge had nothing to do with the case. It cannot be assumed, therefore, that the fact of discharge was established.

It appeared that the plaintiff was to learn the business in which he was employed. It cannot be supposed that his work was of the same value during the prior part of the term of his employment, as it would be during the latter part, when his proficiency must naturally have increased. The price agreed upon for the three years, was not, therefore, competent evidence of the value of the services during the first and second years, and the contract being void by the statute, could not be so far enforced as to determine the rate of compensation.

The exception to the ruling on that point, is fatal to the judgment. But it must not be inferred that we agree to the proposition, that if there had been a correct ruling on the question of damages, the plaintiff would have been entitled to recover without proving that he was discharged, or that the defendant was in default.

Where payments are made, or services rendered upon a contract, void by the statute of frauds, and the party receiving the services or payments refuses to go on and complete the performance of the contract, the other party may recover back the amount of such payments, or the value of the services, in an action upon an implied assumpsit.

But to entitle him to maintain such action he must show that the defendant is in default. (*King* v. *Brown*, 2 Hill, 487.) The rule is very clearly stated in *Lockwood* v. *Barnes* (3 Hill, 128), as follows: "A party who refuses to go on with an agreement void by the statute of frauds, after having derived a benefit from a part performance, must pay for what he has received."

So in *Dowdle* v. *Camp* (12 Johns., 451) ,*Abbott* v. *Draper* (4 Denio, 51, 53), and *Collier* v. *Coates* (17 Barb., 471), it was held that money paid on a parol contract for the purchase of lands, which is void by the statute of frauds, cannot be recovered back unless the vendor refuses to perform ; and to the same effect are numerous decisions of the courts of our sister States, referred to in *Collier* v. *Coates*.

The default of the defendant or his refusal to go on with the contract is recognized as an essential condition of the right to recover for services rendered or money paid under any description of contract void by the statute of frauds. (*Erben* v. *Lorillard*, 19 N. Y., 304, per DENIO, J., and S. C., 302, per GROVER, J.; *Burlingame* v. *Burlingame*, 7 Cow., 92 ; *Kidder* v. *Hunt*, 1 Pick., 328 ; *Thompson* v. *Gould*, 20 Pick., 134 ; see page 142.)

When the contract is entire, and one party is willing to complete the performance, and is not in default, no promise can be implied on his part to compensate the other party for a part performance.

The express promise appearing upon the plaintiff's own showing, although it cannot be enforced by reason of the statute, excludes any implied promise. ( *Whitney* v. *Sullivan*, 7 Mass., 109 ; *Jennings* v. *Camp*, 13 Johns., 96.) *Expressum facit cessare tacitum*. (*Merrill* v. *Frame*, 4 Taunt., 329 ; *Allen* v. *Ford*, 19 Pick., 217.)

The effect of the statute is to prevent either party from enforcing performance of the verbal contract against the other, but not to make a different contract between them.

An implied promise to pay for part performance can arise only when the party sought to be charged has had the benefit of the part performance, and has himself refused to proceed, or otherwise prevented or waived full performance (*Munro* v. *Butt*, 8 Ell. & Black., 738 ; *Smith* v. *Brady*, 17 N. Y., 173 ; 13 Johns., 94 ; 8 Cow., 63) ; or where, after the making of the contract, full performance has been rendered impossible, by death or otherwise, without fault of the contracting party. ( *Wolfe* v. *Howes*, 20 N. Y., 197.)

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

PECKHAM and FOLGER, JJ., concurred; GROVER, J., concurred in the result on the ground of error in the charge; Ch. J. did not vote; ALLEN, J., dissented.