DANIEL EVANS *vs.* WINONA, LUMBER COMPANY.

June 22, 1883.

**Statute of Frauds—Lease for Term of Years—Rent for Actual Posses-**
**sion.**—An oral lease for a term of three years, with a right in the lessor
to terminate it at any time upon four months' notice, is void under Gen.
St. 1878, c. 41, § 10, as being for a term "exceeding one year." But if the
lessee goes into possession under it, it regulates the terms of the tenancy
as respects rent.

The complaint sets out the facts stated in the opinion and seeks to
recover the rent due for one year's actual occupation. The action is
brought in the district court for Winona county, and defendant ap-
peals from an order by *Start,* J., overruling a demurrer to the com-
plaint.

*Thomas Wilson,* for appellant.

The lease is void in every respect. The language of the statute is
unambiguous. Gen. St. 1878, c. 41, § 12; *Holloway* v. *Hampton,* 4
B. Mon. 415; *Loomis* v. *Newhall,* 15 Pick. 159; *McMullen* v. *Riley,* 6
Gray, 500; *Crawford* v. *Morell,* 8 John. 195; *Thayer* v. *Rock,* 13
Wend. 53; *Erben* v. *Lorillard,* 19 N. Y. 299; *Thomas* v. *Williams,*
10 B. & C. 664. It is admitted that if a party enters under a void
contract and occupies, he is liable for use and occupation. The lia-
bility is for the use, and the use and value must be alleged and proved.
The rulings of some courts—that the agreement regulates the terms on
which the tenancy subsists in respect to rent (*Laughran* v. *Smith,* 75
N. Y. 205)—are in the teeth of the statute, and may work great in-
justice. A person may be willing to pay $500 per annum for a lease
for five years, while a lease of the same property for one year might
be of no value. "It is difficult to sustain that position upon any
principle; for if the plaintiff has made an advantageous bargain, he
gets the benefit of it on this theory, though it was void in law."
*Erben* v. *Lorillard,* 19 N. Y. 299, 304, *per* Denio, J.

*Gould & Snow,* for respondent.

BERRY, J. On May 1, 1881, plaintiff orally leased certain prem-
ises to defendant, at an annual rent of $300, for a term of three

years, beginning on that day, reserving the right to terminate the lease at any time, upon four months' notice. Defendant, having gone into possession under the lease, continued therein for one year from the commencement of the term.

Upon this state of facts plaintiff is entitled to recover the annual rent fixed by the oral lease, namely, the sum of $300. The lease is for three years, subject to the lessor's right of termination; that is to say, it is liable to be defeated by something in the nature of a condition subsequent, to wit, an affirmative act on the part of the lessor. Until this act is done, it is in form a lease for three years, and therefore void under Gen. St. 1878, c. 41, § 10, as being for a term "exceeding one year." But though void as a lease, the rule is that if the lessee goes into possession under it, it regulates the terms of the tenancy as respects rent. *Laughran* v. *Smith*, 75 N. Y. 205; *Thurber* v. *Dwyer*, 10 R. I. 355; *Larkins* v. *Avery*, 23 Conn. 304; *Morrill* v. *Mackman*, 24 Mich. 279; Taylor's Landlord & Tenant, § 80; Wood on Landlord & Tenant, § 25.

This rule may not be logical—very likely it is not, as an original proposition; but that it is the rule established by the authorities there can be no doubt. We have not had our attention called to any authority to the contrary, nor have we discovered any.

Order affirmed.