La Du-King Manufacturing Company *vs.* John T. La Du.

March 4, 1887.

Statute of Frauds — Five Years' Contract for Services — Quantum Meruit—Measure of Compensation—Contract Price.—The plaintiff and defendant entered into a parol contract by the terms of which the defendant was to serve the company in the capacity of treasurer for the term of five years for a certain percentage of the profits. Defendant thereupon entered upon such service, and continued therein under such contract for upwards of two years, when he left the same on account of sickness. *Held* that, while such contract could not be enforced by action, it was not void; and, in so far as it had been voluntarily executed, the terms thereof might be referred to and considered in determining the measure of compensation which ought justly to be allowed to the defendant.

Appeal by defendant from an order of the district court for Olm-sted county, *Start*, J., presiding, refusing a new trial.

*Arthur L. Gove*, for appellant.

*Chas. C. Willson*, for respondent.

VANDERBURGH, J.    The plaintiff seeks to recover a balance alleged to have been retained by defendant, who was treasurer of the com-pany, and which he refused to pay over upon its demand.    The de-fendant claims to be entitled to the same as remuneration for services rendered the company, and due him as upon a *quantum meruit.* Touching this issue, the referee finds that the defendant owned a ma-jority of the stock at the time of the organization of the company, and that he was employed by the plaintiff to act as secretary and treasurer, and, as to the terms of such employment, "it wâs verbally agreed between the parties that defendant should have and receive for his services one hundred dollars for each one per cent. of profits. actually made and realized upon the capital stock of $40,000, for and during the five years next after its organization."    It also appears. that he continued in the employment of plaintiff, and rendered serv-ices as such officer, for upwards of two years, when he retired from such employment on account of ill health.    The referee further finds that no profits have yet been made or realized by plaintiff upon its capital stock, and that the defendant is not entitled, under such con-tract, to any pay for his services for plaintiff thereunder.    It thus ap-pears that the parol contract of service was an entire one for the term of five years, and it could, therefore, while executory, be enforced by neither party against the other.    The defendant could not recover for his services under or by virtue of the contract, and on the other hand the plaintiff could not avail itself of the defendant's obligation to perform it.    Browne, St. Frauds, § 131; *King* v. *Welcome*, 5 Gray, 41.

But the contention of the plaintiff is that the contract must, under the finding of the referee, be treated as having been fully executed up to the time that defendant left the plaintiff's service, and hence taken out of the statute of frauds.    Such parol contracts are not un-lawful or void in the strict sense of the term.    They are simply not.

actionable or enforceable in the courts. But, where the parties themselves voluntarily go on and execute such contracts, they neither require nor are entitled to any remedy by action. Browne, § 116. The law will not raise an implied promise as against a party who has performed an express one. In such cases evidence of the special contract may be given to show that the plaintiff is not entitled to recover upon a *quantum meruit* as upon an implied promise. *Stone* v. *Dennison*, 13 Pick. 1, (23 Am. Dec. 654.) Our statute, following the English statute on the subject, simply provides that no action shall be *maintained* upon such parol contracts. There is, however, no reason why they may not, for other purposes, be respected as defining and measuring the rights of the parties thereto; so that, if it be true that the contract in question was executed *pro tanto* on both sides, the defendant must rest satisfied to abide by its provisions. On this point there is substantially no conflict of authority.

The defendant, it is claimed, has fully enjoyed the privileges and opportunities contemplated by the parties,—to secure a definite share of the profits of the enterprise, which, under the contract, was to be the measure of his compensation,—and the plaintiff is not in default. But the defendant insists that, while there may not have been any profits actually realized during the time of his employment, yet there may be future profits during the remainder of the term resulting from the business after it is fully established and in successful operation, to a share of which he would be entitled under the terms of the agreement as found. And we are unable to see why this position is not correct. The referee finds that he was to have a percentage of the profits realized for and during the five years next after its organization, and that no profits have yet been made. Of course, if the enterprise was a practical failure, and the affairs of the corporation must necessarily be wound up without any profits, the matter could then be definitely adjusted, and it would appear that nothing further remained for the defendant under the agreement, and he would be compelled to abide by its terms. But, as there is no finding upon these questions, the matter is necessarily left open, and we are required to further consider the case as left by the findings of the referee. Could the defendant maintain an action for a *quantum*

*meruit*, upon the case as presented, the plaintiff not being in default, but ready and willing to abide by the contract as made?

In *King* v. *Welcome*, 5 Gray, 41, the plaintiff rendered service for the defendant under a special parol contract for a term longer than one year, but left the service before the year expired. The defendant insisted upon a fulfilment of the contract, but it was held that the plaintiff might recover for the value of his services, irrespective of the contract, which was not available as a defence under the statute of frauds. Substantially the same rule was adopted in *Shute* v. *Dorr*, 5 Wend. 204, and in *Comes* v. *Lamson*, 16 Conn. 246. This strict rule is, however, regarded as harsh and inequitable by other courts and by text-writers, who find it difficult to be reconciled in principle with the doctrine generally recognized in the case of parol contracts to sell land, that money paid by the purchaser cannot be recovered if the vendor stands ready to fulfil the contract on his part. *Coughlin* v. *Knowles*, 7 Met. 57, (39 Am. Dec. 759;) *Collier* v. *Coates*, 17 Barb. 471; *Abbott* v. *Draper*, 4 Denio, 51; Browne, St. Frauds, (4th Ed.) § 122*a*. See 1 Smith, Lead. Cas. (8th Ed.) 632; 2 Chit. Cont. (11th Ed.) 852, and notes; 2 Wait, Law & Pr. (5th Ed.) 390. The principle that the right to recover in such cases depends upon the question of the defendant's default was recognized by this court in *Johnson* v. *Krassin*, 25 Minn. 117, and *Sennett* v. *Shehan*, 27 Minn. 328, (7 N. W. Rep. 266.) And the doctrine is nowhere denied. *Collier* v. *Coates, supra.*

In *Galvin* v. *Prentice*, 45 N. Y. 162, the court lay down the broad rule that, where services are rendered under an agreement within the statute of frauds because not evidenced by writing, no action can be maintained to recover their value except upon the default of the other party, or his refusal to go on with the contract. The contract was not illegal, and it was still in force, though no action could be maintained on it. One party cannot, therefore, declare it rescinded at his will, without cause, and proceed as upon an *implied assumpsit* against the other party to it, while he stands ready to fulfil it according to its terms. *Abbott* v. *Inskip*, 29 Ohio St. 59; *Erben* v. *Lorillard*, 19 N. Y. 299, 304; *Britain* v. *Rossiter*, 11 Q. B. Div. 123; *Van Valkenburg* v. *Croffut*, 15 Hun, 147, 152; *Whiting* v. *Sullivan*, 7 Mass. 107.

The objection suggested to the adoption of the rule is that urged, very pointedly in *King* v. *Welcome, supra;* viz., that it enables the defendant practically to enforce or avail himself of the express contract, in violation of the spirit, if not the letter, of the statute, to defeat plaintiff's action upon implied contract. But, as before suggested, where is the distinction in principle between *Galvin* v. *Prentice* and *Abbott* v. *Draper, supra,* the doctrine of the latter case (in relation to parol land contracts) being universally recognized? *Collier* v. *Coates,. supra;* Browne, St. Frauds, § 122*a*.

We do not deem it necessary in this case to determine between the rule laid down in *King* v. *Welcome* and *Galvin* v. *Prentice,* or whether the rule would have been different if defendant had left plaintiff's service without cause. It is found that defendant left plaintiff's service for good cause, on account of sickness. In such case the servant is entitled to his *pro rata* wages, or the value of his services, not exceeding the compensation fixed by the agreement under which the service was rendered. *Clark* v. *Gilbert,* 26 N. Y. 279, (84 Am. Dec. 189;) 2 Chit. Cont. 851; *Wolfe* v. *Howes,* 20 N. Y. 197, 203, (75 Am. Dec. 388;) *Clark* v. *Terry,* 25 Conn. 395; *Ryan* v. *Dayton,* Id. 188, (65 Am. Dec. 560;) *Philbrook* v. *Belknap,* 6 Vt. 383; *Seymour* v. *Cagger,* 13 Hun, 32; *Fuller* v. *Brown,* 11 Met. 440.

In *Clark* v. *Terry,* the earlier case of *Comes* v. *Lamson, supra,* was explained and greatly limited, and the court say: "In respect to the question whether wages have been earned which ought to be paid, and if so to what extent or amount, and when the payment ought to be made, it appears to us that all the circumstances under which they are claimed to have been earned, including the contract under which the service was performed, although it may be one that cannot be enforced by any action directly upon it, may and ought to be considered."

This rule we think applicable in the case at bar. There are some exceptions to it, but they are not important to be here considered. The principle upon which a recovery is permitted in such cases is that the employer shall do what his duty or justice requires, and this cannot be fully discovered upon any other theory than above suggested. The referee ruled correctly that in this case the defendant's

.compensation must be limited by the contract; and, as no profits were found to have been yet realized, it did not appear that he was .entitled to any counterclaim against the money of plaintiff in his hands. Plaintiff is therefore entitled to judgment for the amount claimed, .and the defendant is remitted to his remedy by action for any proportion of the earnings or profits of the company he may eventually .be found entitled to. *Clark* v. *Gilbert, supra.*

Order affirmed.