GEORGE F. SPINNEY v. JAMES J. HILL.[1]

November 13, 1900.

Nos. 12,119—(8).

**Statute of Frauds—Services not to Be Rendered within One Year.**

Under the statute of frauds (G. S. 1894, § 4209), no action can be maintained upon a parol contract for the rendition of personal services for a period exceeding one year, and therefore damages, as such, cannot be recovered by either party in case of a failure to perform or a refusal to allow such performance.

**Contract Governs as to Services Already Rendered.**

But it is settled by the decisions in this state that such a contract controls the rights and remedies of the parties with respect to what has been done, and fixes the value of services rendered under it, when the person performing such services is discharged after part performance, without fault on his part.

**Payment in Certificates of Stock.**

That part of the compensation agreed upon in such a contract is to be paid in certain personal property other than money, at a stipulated value, does not bring the contract within the terms of section 4210, which declares that every contract for the sale of goods, chattels, or choses in action, for the price of $50 or more, shall be void, unless certain conditions are complied with.

[1] Reported in 84 N. W. 116.

**Refusal to Transfer Stock—Damages.**

In case of a refusal to turn over or transfer such property, the party rendering services is entitled to recover its value in money.

Action in the district court for Ramsey county to recover $25,628.-52 damages for breach of a contract of employment. Upon the pleadings and a stipulation as to the facts entered into by the parties, the court, Brill, J., made an order granting a motion for judgment in favor of defendant. From a judgment entered pursuant to the order, and also from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*William G. White,* for appellant.

In Minnesota the statute merely provides that "no action shall be maintained" on contracts not to be performed within one year. The authorities in jurisdictions where the statute makes such a contract "void" are not to be here regarded. Wherever an express contract exists, even though it be within the statute of frauds, it excludes an implied contract. Kriger v. Leppel, 42 Minn. 6; La Du-King Mnfg. Co. v. La Du, 36 Minn. 473; Britain v. Rossiter, 11 Q. B. D. 123, 127. So far as a contract has been executed, it governs the rights of the parties even though it be within the statute. Evans v. Winona L. Co., 30 Minn. 515; Finch v. Moore, 50 Minn. 116; Steele v. Anheuser-Busch Br. Assn., 57 Minn. 18; Prendergast v. Searle, 74 Minn. 333; Stone v. Dennison, 13 Pick. 1; Voluntine v. Godfrey, 9 Vt. 186; Sovereign v. Ortmann, 47 Mich. 181.

If a party makes a verbal contract to perform services for another for a period longer than one year at a stipulated compensation payable weekly in cash, and is discharged without just cause, the contract furnishes the only measure of recovery so far as it has been executed. The principle is the same if instead of cash the employee is to receive goods and chattels as his compensation, and the then value is fixed by the agreement, and he is to be paid as his weekly compensation definite chattels of the agreed value of $100. In the first instance the contract is within the statute, because it is not to be performed within a year; in the second case, because it provides for delivery of goods and chattels of greater value than $50. On principle there is no difference between the two cases. In the pres-

ent case the contract was taken out of the operation of the statute, because of the fact that a portion of the purchase price of the stock has been paid to defendant. In any event, the part payment takes it out of the statute as to the executed portion. Thompson v. Alger, 12 Metc. (Mass.) 428; White v. Drew, 56 How. Pr. 53. Part payment of the price prevents the operation of the statute, and such payment may be made not only in money, but in property or services or whatever of value the parties agree shall constitute payment. Browne, St. Fr. §§ 341–343; 8 Wait, Act. & Def. 1103. Payment at a later date is sufficient for the purpose. Ortloff v. Klitzke, 43 Minn. 154.

*Young & Lightner*, for respondent.

The contract alleged, on which alone the action is brought, is within the statute, both because by its terms it is not to be performed within one year (G. S. 1894, § 4209; Cowles v. Warner, 22 Minn. 449; La Du-King Mnfg. Co. v. La Du, 36 Minn. 473; Hill v. Hooper, 1 Gray, 131), and because it is a contract for the sale of shares of stock, each share being alleged to be worth $100. G. S. 1894, § 4210. This action cannot be maintained, because the complaint is based wholly on the alleged oral contract. It cannot be maintained to recover compensation for services rendered, since this part of the action also is on the contract, to recover the contract price. The complaint is not sufficient as a complaint on quantum meruit. As the price was to be paid in stock, it is also an action on the contract for damages for refusal to deliver stock contracted for. In either aspect it is within the statute.

Even if the value of the services actually rendered could not be recovered on a proper complaint for quantum meruit on implied (or properly quasi) contract, that would be no ground for maintaining this action. The oral express contract does not stand in the way of such action, since the quasi contract is based on a rescission of the oral contract, and does not come into existence until that contract is at an end. Mackubin v. Clarkson, 5 Minn. 193 (247); La Du-King Mnfg. Co. v. La Du, supra; Goodman v. Pocock, 15 Q. B. 576; Gillet v. Maynard, 5 Johns. 85; Keedy v. Long, 71 Md. 385; Olmstead v. Bach, 78 Md. 132; Gilbert v. Butler, 146 Mass. 82. That

the right of action on quasi contract is based on rescission is evident from the cases which hold that where defendant is willing to perform, or where both parties have fully performed, plaintiff, having no right to rescind, cannot sue on quasi contract to recover the value of the consideration paid or furnished by him to defendant. Sennett v. Shehan, 27 Minn. 328; McKinney v. Harvie, 38 Minn. 18; Stone v. Dennison, 13 Pick. 1. And on a rescission such action may be brought though the express contract were under seal. Ballou v. Billings, 136 Mass. 307. One in plaintiff's position (whether regarded as a wrongfully-discharged servant or a purchaser of stock) has a complete remedy by treating the oral contract as rescinded and suing on quasi contract for the value of the benefits received from part-performance; and this is his only remedy. Browne, St. Fr. §§ 124–126; Johnson v. Krassin, 25 Minn. 117; Randall v. Constans, 33 Minn. 329; La Du-King Mnfg. Co. v. La Du, supra; Jellison v. Jordan, 68 Me. 373; Emery v. Smith, 46 N. H. 151; Pierce v. Estate, 28 Vt. 34; Cook v. Doggett, 2 Allen, 439; Marcy v. Marcy, 9 Allen, 8; Williams v. Bemis, 108 Mass. 91; Dix v. Marcy, 116 Mass. 416; Galvin v. Prentice, 45 N. Y. 162; Smith v. Smith, 28 N. J. L. 208; McElroy v. Ludlum, 32 N. J. Eq. 828; Whipple v. Parker, 29 Mich. 370; Cadman v. Markle, 76 Mich. 448; Burt v. Bowles, 69 Ind. 1; Ellis v. Cary, 74 Wis. 176; Wonsettler v. Lee, 40 Kan. 367; Patten v. Hicks, 43 Cal. 509.

In such action the price fixed for the services in the oral contract is not controlling on the question of value. Browne, St. Fr. § 126; Clark v. U. S., 95 U. S. 539; Ham v. Goodrich, 37 N. H. 185; Emery v. Smith, supra; Marcy v. Marcy, supra; Clark v. Terry, 25 Conn. 395; Whipple v. Parker, supra. That what plaintiff seeks to recover is the value of the services rendered after the making of the oral contract is an additional reason for holding that such value is not measured by the oral contract. Before performance the services do not exist; what they will be worth when performed is indeterminate; and the price named in the contract is at most a mere estimate of the value of something to come into existence. Where the price is payable in anything but money, plaintiff can recover the value of his services, and not the value of the property agreed to be delivered in payment; and the contract price is not

exclusive as to the value of the services. Especially does this hold where not only is the whole contract within the statute as not performable within a year, but defendant's agreement to deliver the stock is within the "sale" clause of the statute. Browne, St. Fr. § 126; Ham v. Goodrich, supra; Erben v. Lorillard, 19 N. Y. 299; McElroy v. Ludlum, supra; Hertzog v. Hertzog, 34 Pa. St. 418; Graham v. Graham, 34 Pa. St. 475. The position that the measure of plaintiff's recovery is the contract price is inconsistent with the condition on which alone the action can be brought, viz., that the contract is rescinded. It is against the spirit, if not the letter, of the statute. Browne, St. Fr. § 125; Clark v. U. S., supra. See Emery v. Smith, supra; Erben v. Lorillard, supra; Sutton v. Rowley, 44 Mich. 112; Fuller v. Reed, 38 Cal. 99.

The enforcement of the contract is further forbidden by G. S. 1894, § 4210. This additional disability does not relieve plaintiff from that imposed by the year clause. Jellett v. Rhode, 43 Minn. 166. Part payment of the purchase money must be made "at the time" of making the contract. Part payment not made at the time of the oral contract does not operate by relation or at all to validate that contract. It can have no effect unless it operates to make a new contract as of the date of the payment, and was made for the purpose of concluding such new contract. And in such case plaintiff's action must be on the new contract. Bates v. Chesebro, 32 Wis. 594, 36 Wis. 636; Paine v. Fulton, 34 Wis. 83; Kerkhof v. Atlas, 68 Wis. 674; Allis v. Read, 45 N. Y. 142. Plaintiff does not sue on such new contract, but on the original void contract, and his case must stand or fall by that. See Thompson v. Alger, 12 Metc. (Mass.) 428, as explained in Allis v. Read, supra.

COLLINS, J.[2]

On the pleadings and a stipulation entered into between the parties judgment was ordered in favor of defendant in this action, and this appeal is from an order denying plaintiff's motion for a new trial.

The facts appearing from the pleadings and stipulation are that in January, 1898, defendant was the owner of all of the stock shares

[2] BROWN, J., absent, took no part.

of a newspaper corporation, which shares were and are of the par value of $100 each. At that time plaintiff and defendant entered into a verbal agreement, by the terms of which the former was forthwith to be elected president and general manager of said corporation for the full term of three years, and for said period of time was to have full power and authority to manage, transact, and carry on the business of the corporation in the publication of its newspaper. As compensation for his services, plaintiff was to be paid by defendant $200 per week; $100 thereof in cash, payable weekly, and $100 thereof in stock shares of said corporation at the aforesaid par value, also payable weekly. The plaintiff was, as agreed upon, elected president and general manager of the corporation, and at once entered upon the performance of his duties, and continued to perform them, until he was discharged by defendant in March, 1899. He was paid the money compensation as agreed upon, except the sum of $128.52. This balance defendant refused to pay, and he also refused to turn over or transfer to plaintiff any part of the stock shares.

This action was brought upon the contract for the purpose of recovering the alleged damages, namely, the amount of money which he would have earned if he had rendered services for three years, less the sum paid him, and the par value in money of the stock shares to which he would have been entitled.

Counsel for both parties concede that the agreement, wholly resting in parol, and according to its terms not to be performed within one year, was within the provisions of the statute of frauds (G. S. 1894, § 4209), and that an action to enforce it cannot be maintained. They differ as to what remedy is available to plaintiff, who has not been paid in full for his services if the agreed value of such services is to control; counsel for defendant contending that in the present form of action he is not entitled to recover at all. It is further contended by defendant's counsel that the agreement for compensation in stock shares was in fact one for the sale of chattels of the value of more than $50, and therefore void under the provisions of section 4210, no requirement. of that section having been complied with, and the court below seems to have been of that opinion.

1. Taking the facts as alleged in the complaint and as stipulated

81 M.—21

for the purposes of this motion, we regard the plaintiff's right to recover for services actually performed at the rate fixed by the oral agreement, he not being in fault for failure to complete the term of three years, as settled and disposed of by former decisions of this court, and they seem to be in accord with decisions in England and in the states where agreements within the statute are simply declared nonenforceable, not absolutely void. It was held in La Du-King Mnfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938, when considering a like nonenforceable agreement, that, while such a contract could not be enforced by action, it was not void,

"And, in so far as it had been voluntarily executed, the terms thereof might be referred to and considered in determining the measure of compensation which ought justly to be allowed to the defendant."

And in Kriger v. Leppel, 42 Minn. 6, 43 N. W. 484, it was said that

"An oral agreement for services not to be performed within one year is not wholly void, though no action can be maintained on it. It will control the rights of the parties with respect to what they have done under it."

The same rule has been followed in cases where parties have entered into possession and occupied premises under parol leases for terms exceeding one year, which by G. S. 1894, § 4215, are declared absolutely void. Evans v. Winona L. Co., 30 Minn. 515, 16 N. W. 404; Finch v. Moore, 50 Minn. 116, 52 N. W. 384; Steele v. Anheuser-Busch Br. Assn., 57 Minn. 18, 58 N. W. 685. The doctrine adopted by these decisions is undoubtedly that, while no action can be maintained on an oral agreement for services not to be performed within one year, such an agreement controls the rights and remedies of the parties with respect to what has been done, and fixes the value of services rendered under it, when the person rendering such services is discharged after part performance, without fault on his part. We are compelled to admit that the reasoning on which the doctrine is based is not satisfactory, and has often been criticised as illogical, because, although the statute denounces such agreements and deprives them of all legal validity, the doctrine itself validates them to some extent, and measures some of the rights of the parties by them.

2. We do not agree with counsel in the claim that, in any event, such part of the oral agreement as provided for compensation in stock shares was obnoxious to the terms of section 4210, and for that reason no recovery can be had.

No strained or forced construction has ever been put upon the language used in that section, which, unlike section 4209, declares all contracts "void" which fall within its terms. To agree with counsel on this point we should have to hold that every contract for personal services or labor for which compensation was to be made in goods, chattels, or choses in action, at the price of $50 or more, is within the statute, and void. An agreement to pay for one's services in goods, chattels, or choses in action is not a sale, within the letter or the spirit of the statute of frauds. It is a mere agreement as to the method of compensation. Instead of payment in money, the parties agree that he who renders the services shall be paid therefor in another manner,—in goods, chattels, or choses in action. In the case at bar it was stipulated that plaintiff should be compensated in the sum of $200 per week, one-half thereof to be paid in money, one form of property, and the other half in stock shares of the corporation, another form of property, at their par value, which it is alleged, and must be taken as true on this appeal, was and is $100 for each share. Defendant having refused to turn over and assign the shares of stock, this plaintiff is entitled to recover their money value instead.

3. The parol agreement, in itself and as such, was and is non-enforceable under the statute. If plaintiff had declined to enter upon the performance of his duties as manager of the corporation, or if defendant had refused to allow him to render any services, no action whatever could have been maintained by either party. Both would have been remediless. So plaintiff's right is limited to a recovery for services actually rendered up to the time of his discharge. He cannot recover anything by way of damages for his loss of employment thereafter.

Judgment reversed, and a new trial granted.

LEWIS, J.

I concur in the result. One of the questions demanding consider-

ation is whether, under the circumstances of this case, it was necessary for plaintiff to plead the value of the services actually rendered. There was no such allegation in the complaint, and plaintiff contends that it was not required.

The plaintiff performed services under a contract which provided for weekly payments in money and in stock. The plaintiff was willing to perform the entire contract, and the defendant repudiated it without cause. The contract was executed in part voluntarily by both parties, and to that extent was taken out of the operation of the statute. The consideration was definite and certain, from week to week, as it became payable, and, having been treated by both parties as the measure of compensation, defendant is bound by it to the extent of performance. In respect to the recovery of the wages actually earned, plaintiff is not enforcing the original contract. He can only recover upon the contract which the parties made for themselves by their conduct. Under such circumstances, it would be unjust to permit either party to prove a different value than that which he had stipulated. To the facts pleaded in the complaint it was unnecessary to add an allegation as to the value of the services. But I am not prepared to admit that the rule defined in La Du-King Mnfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938, is the correct one in all cases where one party voluntarily repudiates a contract, and the other is willing and able to complete it.