M. N. OXBOROUGH v. E. S. ST. MARTIN AND ANOTHER.
FRANCIS C. CARY AND ANOTHER, INTERVENERS.[1]

November 5, 1926.

No. 25,370.

**When contract for services which is void under statute of frauds is relevant in action on quantum meruit.**

1. A contract void under the statute of frauds is relevant in an action to recover on a quantum meruit for the services rendered pursuant to such contract as an admission of value.

**Proof was proper.**

2. It was proper to prove that the services were to be gratuitous unless a certain result was obtained.

**Verdict not excessive.**

3. The verdict cannot be held excessive.

Attorney and Client, 6 C. J. p. 759 n. 76 New.
Work and Labor, 40 Cyc. p. 2849 n. 16; p. 2853 n. 37.

Defendants appealed from an order of the district court for Hennepin county, Waite, J., denying their motion for a new trial, after verdict for plaintiff. Affirmed.

George R. Smith, Edward J. Callahan and William B. Movery, for appellants.

Francis S. Cary and George A. Lewis, pro se.

HOLT, J.

The appeal is from an order denying defendants' motion for a new trial.

The controversy relates to the attorneys' fees Laybourn & Cary, through whom interveners claim, should recover of defendants. The case on a former appeal is reported in 151 Minn. 514, 187 N. W. 707, 2 A. L. R. 350, where a new trial was granted for the reason

[1]Reported in 210 N. W. 854.

that the agreement for the attorneys' fees, being for part of the land involved in the action, and not in writing, could not be enforced, hence recovery could not be had on the contract, but must rest on quantum meruit. Without objection two questions were submitted to a jury, and the other issues disposed of by the court.

We think the appeal turns upon the decision of the proposition whether it was error to receive in evidence the void agreement for any purpose, the claim of the interveners resting now wholly on quantum meruit. Other errors are presented by appellants in an exceedingly persuasive manner, but the case was carefully tried by the court and the two issues submitted so clearly that, unless it was error to receive the testimony as to the terms under which the attorneys undertook the employment, the decision should stand.

The authorities are divided. But we think the trend of our decisions is in favor of the admissibility of the agreement as part of the circumstances surrounding the employment and relevant upon the issue of the value of the services. In cases of contracts of employment not enforceable because of the statute of frauds we have held that so far as performed the contract even measures the recovery. LaDu-King Mnfg. Co. v. LaDu, 36 Minn. 473, 31 N. W. 938; Kriger v. Leppel, 42 Minn. 6, 43 N. W. 484; Spinney v. Hill, 81 Minn. 316, 84 N. W. 116. And in leases void within the same provision of the statute as this, it has been held that the rent stipulated measures the recovery where the tenant has held possession. Evans v. Winona Lbr. Co. 30 Minn. 515, 16 N. W. 404; Finch v. Moore, 50 Minn. 116, 52 N. W. 384; Steele v. Anheuser-Busch Br. Assn. 57 Minn. 18, 58 N. W. 685. The case of Confer Bros. v. Currier, 164 Minn. 207, 204 N. W. 929, has some bearing.

There is a verbal difference in the statute of frauds as applied to different subject matters upon which some courts base a distinction, holding that in the instances where the statute refers to the contract as void it is not admissible for any purposes. We have held that there should be no such distinction. Halloran v. Jacob Schmidt Br. Co. 137 Minn. 141, 162 N. W. 1082, L. R. A. 1917E, 777. It is not morally wrong to make or keep an oral agreement that falls

within the statute of frauds, nor is there any statute which forbids entering such a contract. And it is not perceived why, when the terms of the contract become relevant or material to any issue in a case where no recovery is based upon the contract, it should not be received in evidence. The proposition is well put in Keener, Quasi Contr. p. 289, where, after stating that in such contract the contract price cannot measure the recovery, it is said:

"It does not follow, however, that the defendant can make no use of the contract. Although the authorities are in conflict, it seems clear on principle, that while the price named in the contract cannot determine the amount of the plaintiff's recovery, yet as the contract has stated in terms the valuation put by each party on the service rendered, the contract should be admitted as containing evi-·dence legally relevant on the question of the actual value of the plaintiff's services, and for that purpose either party should be allowed to use it as an admission against interest. * * * It is submitted that in the decisions holding that the contract cannot be used for the purposes of proving the value of the plaintiff's services, the fact is lost sight of that one and the same instrument may be used for several purposes, and that an instrument invalid or unenforceable as a contract may be used in evidence, not as a contract but as an admission against interest, without reference to the fact that the instrument is in terms also a contract."

Suppose the appeal from Judge Fish's order had been determined adversely to defendants and Laybourn & Cary had sued upon a quantum meruit, should the agreement then have been ruled out that the employment was undertaken with the understanding that no fees were to be received unless the services resulted in a reversal of the order? If so, the statute would be used not as a shield but as a means of fraud. Among the cases holding evidence of the contract admissible and for the jury's consideration in the manner submitted by the learned trial judge, we cite: Farrow v. Burns, 18 Ala. App. 350, 92 South. 236; Davis v. Webber, 66 Ark. 190, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. 81; Clark v. Terry, 25 Conn. 395; Murphy v. De Haan, 116 Iowa, 61, 89 N. W. 100; Waters v. Cline,

121 Ky. 611, 85 S. W. 209, 750, 123 Am. St. 215 (goes to the extent of holding that the void contract measures the recovery); Ham v. Goodrich, 37 N. H. 185, 186; Emery v. Smith, 46 N. H. 151. The authorities to the contrary are cited in the dissent. Among the strongest of those are the ones from Indiana, and for that reason it is not inappropriate to call attention to this in Shumate v. Farlow, 125 Ind. 359, 25 N. E. 432:

"If such a contract can be looked to or respected for any purpose whatever, it is only to define and measure the rights of the parties so far as it has been voluntarily executed. It may well be that to the extent that either party has derived any advantage under the contract on account of the voluntary part performance of the other, the contract may be referred to in determining and considering the amount of compensation which may be recovered."

There certainly was a voluntary and full performance in the instant case by the attorneys from which defendants reaped in full the expected advantage. In an action to recover on quantum meruit for an attorney's services it is always proper and material to consider the value and importance to the client of that to which the services relate. And when there has been an understanding not only as to the value and importance of the subject matter, but also as to the value of the services by consenting to give a certain amount therefor, that fact ought also to be received in evidence as an admission against the client as to what value he placed on the services. Even though it may be said that what a client in distress is forced by circumstances to agree to pay his lawyer is not very convincing measure of value, the argument merely goes to the effect of the proof and not to the admissibility thereof.

The case of McElroy v. Ludlum, 32 N. J. Eq. 828, is often cited as taking strong ground against the admission of a void contract in an action for quantum meruit. It should be noted that a recovery there depended on a contract that came within the statute. In Murray v. Schuldt, 73 N. J. L. 489, 63 Atl. 904, the court after citing with approval this statement by Chief Justice Green, in Smith v. Smith's Adm. 28 N. J. L. 208, 78 Am. Dec. 49:

"The principle seems to be perfectly well settled, and is sustained by very numerous authorities, that where a party to an agreement void by the statute of frauds fails to execute it, the price advanced, or the value of the article delivered in part performance of the contract, whether in money, labor or chattels, may be recovered back," —said with respect to the McElroy case:

"In that case the court left it undetermined whether the price agreed upon was admissible in evidence either as to the amount recoverable or as an admission of the value of the services. We see no reason why the principle stated by Chief Justice Green to be applicable to the case of labor or chattels is not applicable also where land has been conveyed. Nor do we see any difficulty in holding that the debt implied from the conveyance is the purchase price agreed upon."

And the ruling of the lower court excluding the agreement was reversed.

We also think it was admissible to prove that the attorneys undertook the work with the understanding that the services were to be gratuitous unless the appeal was successful. The employment of attorneys upon what is known as contingent fees is a somewhat common occurrence and is not unlawful. Services so rendered command a higher compensation than when undertaken without reference to results; such was the testimony of reputable attorneys.

The verdict is assailed as excessive, but there is ample testimony to sustain it.

The order is affirmed.

QUINN, J. (dissenting.)

I dissent. The decisive question upon this appeal is whether, in an action on a quantum meruit for services rendered, an oral contract for the transfer of title to real estate, void under the statute of frauds, is admissible where it is silent as to the value of the services. There was a verdict for $6,625 for interveners. The interveners were permitted, over objection, to offer evidence of the oral contingent fee contract which plaintiffs deny making.

Agreements within the statute of frauds, whether denounced as void, or merely unenforceable, are not admissible to prove the agreement as such. Todd v. Bettingen, 109 Minn. 493, 501, 502, 124 N. W. 443. If such an agreement be relevant on any other issue, e. g. if it contains a distinct admission by one of the parties against his own interest, it is clearly relevant and is not robbed of the competency which it has simply because it is part of an agreement not enforceable as a contract. Where the value of goods or services is agreed upon, the agreement is an admission of value. It is upon that theory and not otherwise that it may be received in evidence. Hensley v. Hilton, 191 Ind. 309, 131 N. E. 38; Wallace v. Long, 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; Lisk v. Sherman, 25 Barb. 433; Ewing v. Thompson, 66 Pa. St. 382; Fuller v. Reed, 38 Cal. 99, 100; Emery v. Smith, 46 N. H. 151; McElroy v. Ludlum, 32 N. J. Eq. 828. The fact that in some cases the practical result is to give to an unenforceable agreement some or all of the force of a contract does not rob its admissions of fact of the force they have as such.

To be relevant, such admission must pertain to the issue. Here the issue is the reasonable value of the services. The agreement is silent as to reasonable value. It refers to no unit of time or quantity to which is assigned any value. Dunphy v. Ryan, 116 U. S. 491, 6 Sup. Ct. 486, 29 L. ed. 703; Dreidlein v. Manger, 69 Mont. 155, 220 Pac. 1107. Its obvious purpose is to ignore quantity of service and so its intrinsic value, and to pay but for one thing, success, the accomplishment of a given object. There being in the agreement no attempt to fix value, it was not an admission of value and consequently incompetent as evidence. Fuller v. Reed, supra. The case should be tried upon the issue of reasonable value for the services rendered.

STONE, J. (dissenting.)

I concur in the dissent. By the contract the interveners were to receive a specified part of the property if they succeeded in recovering it, and nothing if they failed. Unable to enforce the contract

because within the statute of frauds, they seek to recover on quantum meruit. That defendants agreed that if interveners recovered the property they should have a specified part of it, but should have nothing if they failed, shows that defendants were attempting to avoid any liability whatever for reasonable value. Such contingent contracts are always for a much larger amount than would be fixed in the absence of the contigency. So it seems to me that such contracts cannot be deemed in any proper sense an admission of the value of the services. Where a contract although invalid was intended to fix the value of services or of property or of the use of property, it may be considered an admission as in the cases cited, but such effect cannot attend a contingent fee contract by which an attorney is to receive a proportionate part of what he recovers if successful and nothing if unsuccessful.

I can see how the agreement between the parties can be treated as an admission that *if* the right to compensation was wholly contingent on success *then* the services of the attorneys in the event of success would be worth the value of the share of the real estate promised them in that event. But the whole basis and condition of that admission, that is, the element of contingency, has disappeared from the case. Therefore the admission has disappeared also. The agreement was entire. As an entirety it was unenforceable as a contract. That being the case, there is nothing contingent about the right of the attorneys to recover the reasonable value of their services. So, I submit, there is nothing in the agreement in the nature of an admission of the value of those services. For that reason I dissent.