VILLAGE OF WYKOFF *vs.* JAMES HEALEY, Jr.

Submitted on briefs April 3, 1894.    Affirmed April 14, 1894.

No. 8775.

**Validity of independent part of a village ordinance.**
    The rule that one part of a statute or ordinance may stand though another part be invalid, applied.

James Healy, Jr. was convicted before the Village Justice of the Village of Wykoff, of being intoxicated on a public street of that village, contrary to an ordinance. He appealed on questions of

law alone to the District Court of Fillmore County, *John Whytock,* J., where the conviction was affirmed. Upon Healy's request the Judge reported the case so far as was necessary to present the question involved and certified the report to this court under 1878, G. S. ch. 117, § 11. He claimed the ordinance under which he was convicted to be void because the penalty provided is in excess of the jurisdiction of a justice of the peace. The ordinance is as follows:

"Ordinance No. 3.

"The village council of the village of Wykoff do ordain:

"Section 1. Hereafter whoever shall be found drunk or in a state of intoxication on any street or sidewalk, or in any lane, alley, road, market or other public place within the corporate limits of the village of Wykoff, or any person or persons who shall be guilty of any riotous or obscene or disorderly conduct, or shall engage in any street brawl on any street or sidewalk, or in any lane, alley, road, market or other public place within the said corporate limits, shall be deemed guilty of a misdemeanor and on conviction thereof before the Village Justice shall pay a fine of not less than five nor more than twenty-five dollars and costs, and in default of payment of said fine and costs, he shall be committed to the jail of Fillmore county until such fine and costs are paid, and not exceeding ninety days.

"Sec. 2. Any person or persons who shall be convicted of any of the offenses enumerated in the foregoing section may in the discretion of the Village Justice be required to give good and sufficient bail with two or more sureties to be approved by said Justice, in the penal sum of not less than one nor more than five hundred dollars, conditioned that the person so convicted shall keep the peace and be of good behavior for the term of six months from the date of conviction, and in default of said bail he may be committed to the Fillmore county jail until such bail is given, not exceeding ninety days."

*Burdett Thayer,* for the accused.

The ordinance provides a penalty of both fine and imprisonment and thereby makes a case beyond the jurisdiction of a justice's court.

The penalty imposed by this ordinance is a fine of not less than

five dollars nor more than twenty-five dollars and costs, and in default of payment thereof commitment to jail not exceeding ninety days. The person convicted may in the discretion of the justice be also required to give a bond in the sum of $500 with two sureties, and in default thereof he may be committed to jail for ninety days.

Violations of municipal ordinances punishable by fine or imprisonment are criminal offenses within the meaning of Article 1, Sec. 7, of the Constitution. Consequently where the punishment may exceed three months imprisonment or $100 fine, (the limits of the jurisdiction of justices of the peace) a person can be tried only on the indictment or information of the grand jury. *State ex rel.* v. *West*, 42 Minn. 147; *State* v. *Yates*, 36 Neb. 287.

In the case at bar the penalty which the justice is authorized to impose upon conviction, is not a mere incident to the judgment or conviction, as in the case of *State* v. *Larson*, 40 Minn. 63, nor is it the revocation of some special privilege granted to the defendant and not enjoyed by all citizens as in *State* v. *Harris*, 50 Minn. 128.

Had the penalty prescribed in either Section 1 or Section 2 of the ordinance been the only penalty authorized by it, then the punishment would clearly be within the limit, but these two sections are enacted co-ordinately and the single judgment of the court may embrace both penalties.

*Wells & Hopp,* for the Village of Wykoff.

Section one of the ordinance is complete within itself and contains all the elements defining the crime and prescribing the penalty, so that if Section two be stricken from the ordinance, Section one under which Healy is convicted would be sustained. If part of a bylaw be void, another essential and connected part of the same bylaw is also void. But it must be essential and connected to have this effect. Cooley, Const. Lim. 176; 1 Dillon, Munic. Corp. § 354.

GILFILLAN, C. J. No question is made against the validity of section 1 of the ordinance, standing alone; the only claim of defendant being that section 2 makes the entire ordinance void. Conceding

(though we do not decide the point) that section 2, if it must be retained, would render·void the otherwise valid part of the ordinance, the question is, can that section be rejected, leaving the unobjectionable parts of the ordinance to stand? That part of a statute may stand though some other part be void is well settled. The condition upon which the void part will carry down ·with it the parts otherwise unobjectionable is stated in Cooley, Const. Lim. page 178, thus: "If they are so mutually connected with and dependent on each other as conditions, considerations, or compensations for each other as to warrant the belief that the legislature intended them as a whole, and, if all could not be carried into effect, the legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them."

Tested by this rule, section 1 would not fall though section 2 should go down. Section 1 does not depend in any way on section 2. The former is complete in itself. It defines the offense, and prescribes the punishment. The latter assumes to authorize the village justice, in his discretion, to also require of one convicted to give bail to keep the peace and for good behavior. There is no reason to believe the village council would not have defined the offense and prescribed the punishment just as in section 1, except on condition that the justice might, if he saw fit, also require bail; so that, if section 2 be invalid, its invalidity does not affect the other section.

And as the proceedings against defendant were only under the valid section, we need not consider whether anything against him could be done under the other.

Judgment affirmed.

BUCK, J., took no part in this decision.

(Opinion published 58 N. W. 685.)
v.57M.—2