CHARLES STEELE *et al.* *vs.* ANHEUSER-BUSCH BREWING ASS'N.

Argued April 11, 1894. Reversed April 14, 1894.

No. 8654.

**Void lease regulates the rent if tenant enters and occupies.**

*Evans* v. *Winona Lumber Co.*, 30 Minn. 515, followed, to the effect that a lease void under the statute of frauds will nevertheless regulate the terms as to rent if the tenant goes into possession and occupies the premises.

Appeal by plaintiffs, Charles Steele, Jennie Abbott, Clara M. Slaymaker and Elizabeth M. Schwam, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered December 6, 1893, that they take nothing by the action.

On November 5, 1888, the defendant the Anhauser-Busch Brewing Association, a corporation, leased of plaintiffs for six and a half years the building Nos. 14, 16 and 18, East Seventh Street, St. Paul, and agreed to pay $400 per month rent therefor on the first day of each month during the term. The lease was made on behalf of the plaintiffs by an agent who had no written authority to act for them. Jennie Abbott, Clara M. Slaymaker and Elizabeth M. Schwam were married women but the lease was not signed by any one of the husbands. The defendant entered and paid rent to June 1, 1893. This action was to recover $1,200 rent for June, July and August, 1893. The defendant answered that the lease was void because plaintiffs' agent was not authorized in writing to execute it; 1878 G. S. ch..41, § 12, as amended by Laws 1887, ch. 26; and because the term exceeded three years and the husbands of three of the lessors did not join in its execution; 1878 G. S. ch. 69, § 2; and alleged that the value of the use and occupation did not exceed $200 per month. At the trial October 10, 1893, a jury was waived and the court held the lease wholly and utterly void and ordered judgment for defendant saying the action is based upon the express promise in the void lease and not upon a *quantum valebat*. Judgment was so entered and plaintiffs appeal.

*Williams, Goodenow & Stanton,* for appellants.

A lease of property by one tenant in common is valid unless avoided by the other cotenants. *Sherin* v. *Larson,* 28 Minn. 523; *Hennessy* v. *St. Paul M. & M. Ry. Co.,* 30 Minn. 55; *Austin* v. *Ahearne,* 61 N. Y. 6; *Brown* v. *Wellington,* 106 Mass. 318.

This lease was valid as to Charles Steele because signed by his agent in his presence and by his request. *Gardner* v. *Gardner,* 5 Cush. 482; *Burns* v. *Lynde,* 6 Allen, 305; *Hunter* v. *Giddings,* 97 Mass. 41; *Bartlett* v. *Tucker,* 104 Mass. 336.

Defendant having entered into possession under the lease is bound to pay the stipulated rent, so long as it remains in possession even though the lease be void. *Dean* v. *Leonard,* 9 Minn. 190; *Hewitt* v. *Brown,* 21 Minn. 163; *Evans* v. *Winona Lumber Co.,* 30 Minn. 515.

The complaint is for rent and the point is made that it should have been *quantum valebat,* but as the lease fixes the amount of rent this is not correct. Wood, Landl. & T. § 23; *Laughran* v. *Smith,* 75 N. Y. 205.

*Briggs & Countryman,* for respondent.

One tenant in common cannot bind the others by a lease of the whole premises. Such a lease executed by one tenant in common is not valid as to the others unless it be ratified. It gives the lessee the right to use the premises only as the lessor might use them, subject to the rights of the other tenants in common. *Taintor* v. *Cole,* 120 Mass. 162; *Rising* v. *Stannard,* 17 Mass. 282; *Mursy* v. *Holt,* 24 N. H. 248; *Tipping* v. *Robbins,* 64 Wis. 546.

The lease is void as to all parties for it is a lease of real property for six years and six months executed by an agent having no written authority, and three of the lessors were married women. *Haupt Lumber Co.* v. *Westman,* 49 Minn. 397; *Gregg* v. *Owens,* 37 Minn. 61; *Yager* v. *Merkle,* 26 Minn. 429; *Althen* v. *Tarbox,* 48 Minn. 18; *Nell* v. *Dayton,* 43 Minn. 242.

In *Evans* v. *Winona Lumber Co.,* 30 Minn. 515, the plaintiff sought to recover the rent due for one year's actual occupation. He did not pretend that the lease was valid. He admitted its invalidity

but sought to use it as a means by which to determine the amount defendant should pay by such occupation. The case decides that the lease will control and govern the amount to be paid. The question of the form of pleading was not raised. *Sanford* v. *Johnson*, 24 Minn. 172, was then as it is now, the law of this state upon the question whether an action can be maintained upon a void lease to recover rent provided for in it.

GILFILLAN, C. J. The plaintiffs, tenants in common of real estate in St. Paul, attempted to rent the same by written lease to defendant for the term of seven years at stipulated rents per annum, payable monthly. The lease was void as to some of the parties under the statute of frauds, 1878 G. S. ch. 41, §§ 10, 12, because the agent by whom it was signed in their behalf was not authorized in writing; and also under 1878 G. S. ch. 69, § 2, because, they being married women, their husbands did not join with them in the lease. The defendant, however, entered upon and continued in possession. The action is to recover the rents stipulated in the void lease during part of the time of such possession.

By entering on and occupying the premises the defendant became tenant of the plaintiffs, and, as held in *Evans* v. *Winona Lumber Co.*, 30 Minn. 515, (16 N. W. 404,) the writing, though void as a lease, regulated the terms of the tenancy as respects the rent.

The complaint was probably framed as in an action on the lease, but it also alleges the occupancy during the period for which a recovery is sought; so that the facts of occupancy, and that the rent was fixed by the writing, are within the allegations of the complaint. So far as this action is concerned, it is immaterial that the allegation of a lease for seven years was not proved.

The judgment is reversed, and the court below will enter judgment on the findings of fact in favor of plaintiffs for the relief demanded in the complaint.

BUCK and CANTY, JJ., took no part in this decision.

(Opinion published 58 N. W. 685.)