JEANIE ABBOTT and Others v. ANHEUSER–BUSCH BREWING ASSO-
CIATION.[1]

February 13, 1895.

No. 9062.

**Stipulation—Construction.**

> Pending an appeal in an action, the parties stipulated that certain rights
> then in controversy between them should be determined by the decision of
> a certain question by the supreme court on that appeal, and the opinion
> on such decision afterwards given purported to decide that question. After
> such decision, another action was brought to determine those rights, and
> on the trial said stipulation and said opinion were given in evidence by the
> agreement of the parties. *Held,* the parties, by their stipulation and agree-
> ment, made said decision of said question conclusive on such trial, even
> though it was not a material question on said appeal. .

Appeal by plaintiffs from an order of the district court for Ramsey
county, Brill, J., denying their motion for a new trial.    Affirmed.

In his memorandum the trial judge held that, as the original lease
was wholly void, because not executed by the husbands of the
plaintiffs, the subsequent tender by plaintiffs of a properly executed
lease gave them no right to recover rents.

*Williams, Goodenow & Stanton,* for appellants.

*Briggs & Countryman,* for respondent.

CANTY, J.    This is an action by plaintiffs to recover rent on
an alleged lease to defendant of their premises for six years, by the
terms of which lease the defendant agreed to pay as rent $400 per
month.    Plaintiffs admit that $200 per month was paid for the five
months in question, and claim that there is due $200 more per
month for said five months, being from December, 1893, to April,
1894, inclusive.    From the stipulation entered into by the parties,
and used as evidence on the trial, it appears that a prior action was
commenced against defendant for this rent, and on the trial of that
action the court held the lease void.    Thereupon the parties made a
written agreement (Exhibit A) which recites the alleged lease, the
claim of defendant that it is void, the pendency of that action, that

[1] Reported in 62 N. W. 286.

judgment is about to be entered therein in favor of defendant, and that an appeal will be taken to the supreme court from that judgment, that it is desirable to have the building on the leased premises occupied during the pendency of the appeal, and that defendant is in possession by its tenant. It then proceeds: "Now, therefore, it is hereby stipulated and agreed that the party of the second part may remain in possession of the said building until the last day of the month in which the decision of the supreme court shall be filed in said action. If the decision of the district court holding said lease invalid shall be affirmed by the supreme court, the amount to be paid by the second party for rent of said premises from December 1, A. D. 1893, until the last day of the month in which the decision of the supreme court shall be filed, as aforesaid, shall be two hundred dollars per month, payable on the first day of each month. If the said decision of the district court shall be reversed by the supreme court, the amount to be paid shall be four hundred dollars per month, as in said lease provided. It is expressly understood and agreed between the parties hereto that neither party hereto, by executing this agreement, waives or surrenders in any manner or to any extent his, her, or its rights, claims, or demands, the one upon the other; it being the intention hereby that, if the lease shall be by the supreme court declared invalid, the party of the second part shall pay rent from December 1, 1893, to the last day of the month in which the decision of the supreme court shall be filed, only two hundred dollars per month, instead of the rent provided for in the pretended lease; and this agreement is not to be construed as a change of said lease." It is further stipulated that defendant remained in possession under said agreement during all of said five months up to and including April, 1894, and that the supreme court filed its decision on said appeal April 14, 1894, "in words and figures following." It then sets out the opinion of this court filed in Steele v. Anheuser-Busch B. A., 57 Minn. 18, 58 N. W. 685. On these stipulated facts, the trial court ordered judgment for defendant, and from an order denying their motion for a new trial plaintiffs appeal.

It is contended by these appellants that it was not necessary for this court, in the appeal in the Steele Case, to pass on the validity of the lease in question; that, according to the decision in that case,

the defendant was liable for the rent named in the lease as long as it remained in possession, whether the lease was valid or not; and that this court did not decide on that appeal that the lease was void. It is insisted that the lease is not void, and we are asked to decide the question of its validity as an original question on this appeal. Whether or not it would appear from all the proceedings in the Steele Case that the validity of the lease was not a material question in that case, and was not in fact decided, but its invalidity was merely assumed for the purposes of the case, as contended by appellants, we need not consider. Neither does it follow that, because it was not material in that case, it may not be in this. The parties, by the agreement (Exhibit A), assumed that the court would decide that question on that appeal, and, it seems to us, have, by their stipulations, made the decision of that question in that case material in this case, whether it was in that or not. None of the proceedings in that case were introduced in evidence in this case, except said opinion of this court. That opinion, on its face, assumes positively to decide the question of the validity of the lease, and holds it void. Under the stipulations of the parties, we cannot go back of the face of the opinion, and assume that the question was not material in that case, or was not in fact there decided. Conceding, without deciding, that, by the agreement (Exhibit A), the plaintiffs have waived or surrendered no rights, and that this court, on the appeal in that case, did not in fact decide the question of the validity of the lease, but it remained an open question, still the parties, on the trial of this case, stipulated to abide by what the opinion of this court in that case appeared on its face to decide, which is that the lease is void.

This disposes of the case, and the order appealed from should be affirmed.

MITCHELL, J. I concur. I think the order appealed from may be affirmed, either on the ground stated in the foregoing opinion or on the ground that the lease was in fact void, for the reasons suggested by the trial judge in his memorandum. As the latter ground goes more to the merits of the case, I am rather inclined to rest the decison upon it.

START, C. J. I concur, upon the ground that the lease was void.