The opinion of the court was delivered by
Breaux, J.
The defendant was charged with having violated an ordinance of the city of New Orleans relative to lotteries.
He was convicted and sentenced to pay a fine of twenty-five dollars and to be imprisoned ten days, and in default of payment of the-fine to ten days’ additional imprisonment.
The ordinance under which he was fined makes it unlawful for any one to keep a lottery office.
The second section sets forth that it shall not be necessary to' prove the actual sale of lottery tickets in any office or premises, but that any device used to indicate that tickets are kept for sale, or to' give information or the result of any drawing or pretended drawing should be taken and accepted as a sufficient proof of the keeping of a lottery office or shop.
Upon the trial in the recorder’s court the defendant interposed a *1618 demurrer fco the ordinance on the grounds that it is in violation of Arts. 2 and 6 of the Constitution of the State of Louisiana and of the Constitution of the United States.
Further, substantially, that it is arbitrary and destroys the presumption of innocence which belongs to the accused of right and compels him to establish his innocence affirmatively.
This demurrer was overruled and defendant pleaded not guilty.
It appears that the defendant was engaged in the unlawful sale of lottery tickets. He occupied a place in which there were the needful implements to carry on a lottery; he made tickets and sold them.
The first section of the ordinance under which he was prosecuted is in itself complete. It can stand by itself. It was intended by the council of the city to be enforceable without reference to the second section of the ordinance. The second section of the ordinance may be disregarded without the necessity of deciding that the first section is null. It follows that that which was meant by the Oity Council remains as expressed in the first section.
This section reads:
“That it shall be unlawful for any person or persons to keep a lottery office in any place or manner in the city of New Orleans for himself or others, as an individual partner, shareholder, officer, manager or agent.”
From the evidence before us it appears that there was a violation of this section.
The second section alone, different from the first, can have no force or effect without the first. There was no objection raised to the admissibility of testimony on the ground that it came under the asserted illegal section. There was no evidence admitted that was not admissible under the first section. The defendant’s rights are not affected. Mr. Cooley in “Constitutional Limitations,” page 199, with great force and clearness says:
“Nor will a court listen to an objection made to the constitutionality of an. act by a party whose rights it does not affect, and who has therefore no interest in defeating it.” Section 199.
Part of another section reads:
“Nor can a court declare a statute unconstitutional and void solely on the ground of unjust and oppressive provision, or because it is supposed to avoid the natural, social or political rights of the *1619 citizens, unless it be shown that the injustice is prohibited or such rights guaranteed or protected by the Constitution.” Ib. 200.
In the ease before us the misdemeanor charged was brought entirely within the first section, to which there does not appear to have been any ground for objection.
One found guilty under the legal section is without a ground of defence because of an illegal section of the ordinance.
Having arrived at this conclusion, we might have rested our decree upon the reasons before stated.
But a further examination of the grounds of defence bearing upon the second section of the ordinance has not resulted in convincing us that it is unconstitutional and illegal, as alleged by the defendant. We have seen, the first section is not to be taken together with the second section; it is different with the latter, which can be of no effect unless it is tested with the former.
For instance, “ space ” inserted in the second section relates to the place of an unlawful lottery; the same is true of the word “tickets” in the section; “ sign sheets,” “bulletins” and other devices, all bearing upon the subject of lottery set forth in the first section, which first section expresses of itself the legislative will of the council.
When the quoted words are taken together with the first section, the act forbidden is made, if anything, more manifest.
One of the defendant’s grounds is that the ordinance makes the possession of lottery devices, “not prima facie evidence of guilt, but absolute conclusive proof of the keeping of a lottery oifice.”
The ordinance, in our view, is not as imperative as here contended, when the second section is taken with the first section.
The guilty intent, the keeping of an unlawful lottery, are then, by the terms of the first section read into the second section, and from that point of view no one is subject to arrest and conviction save those who violate the ordinance intended to prohibit unlawful lotteries.
The ordinance, in term (the first and second sections taken together) , sets forth what shall constitute its violation.
There is no presumption, primarily, against a defendant, and he is not required to prove his innocence, as urged here.
The burden is upon the defendant to make out his defence; as *1620 any other defendant he has the same protection the law allows in all cases of misdemeanor.
If we were to grant that the second section stands alone, even then there is highly respectable authority in support of the constitutionality of the asserted illegal section, in so far as it is contended against its constitutionality, that the mere exhibit of the ticket found on the person charged is enough to adjudge him guilty.
Mr. Sedgwick, in his “ Statutory Construction,” approvingly quotes from Thomas vs. State, 15 Indiana, 449, holding where a statute prohibited all sales of liquor, not even “ excepting sales for medicinal or sacramental purposes, such exception was made by implication.”
In the case before us for decision it follows, in the light of the foregoing quotation, that the second section, if taken alone, would not include within its terms those not engaged in keeping a lottery who had lottery devices in their possession.
The “exception may be made by necessary implication” is the language in the case, reported in 41 N. H. 553.
But in our judgment the ordinance in its entirety is legal without the necessity of supplyiug anything by implication.
The words used in the second section have a meaning with reference to unlawful lotteries, and are of some effect when taken with the first section.
We have considered the two decisions to which our attention was directed by counsel for the defendant, viz.: 108 California R. 680, 684; 98 N. C. 778.
They do not apply to the first section of the ordinance before us. They applied when pronounced, as they would apply here, if only section two of the ordinance were before us. The question in the cited cases was decided under an objection to an enactment or ordinance wholly independent of any other, throwing upon the defendant the bux’den of proving his innocence.
In our case there is nothing of the kind when the two sections are taken together.
It is ordered and adjudged that the sentence and judgment appealed from be confirmed.