## CITY OF ROCHESTER v. NATHAN BEMEL.[1]

December 5, 1930.

No. 28,076.

*Allen & Allen* and *O'Brien, Horn & Stringer,* for appellant.
*James T. Spillane,* for respondent.

[1]Reported in 233 N. W. 862.

HILTON, J.

Defendant was charged with the offense of engaging in the junk dealing business in the city of Rochester without having obtained a license therefor as required by ordinance No. 145 of that city. He was convicted and appeals.

The ordinance is a valid one passed under authority conferred in the city charter and provides in § 1 thereof:

"No person shall engage in or carry on the business of a pawn-broker or of a junk dealer in the City of Rochester without having previously obtained a license so to do, as hereinafter provided."

Upon conviction under that provision an offender is subject to a fine of not more than $50 and in default of payment thereof to imprisonment in the city prison not exceeding 50 days.

One desiring such license must, under § 2, apply therefor in writing to the city council and in the application state the place where his business is to be carried on, its nature, and the name of the person engaged therein. The issuance of such a license is stated in the ordinance to be within the discretion of the city council. A license fee of $25 is required to be paid into the city treasury. The applicant is required to file a bond with the city clerk running to the city with two sufficient sureties, to be approved by the mayor, in the penal sum of $1,000. The bond is to be conditioned upon the applicant's conducting his business fairly and without fraud or deceit and conforming to all ordinances of the city regulating the business licensed. The license must be signed by the mayor and attested by the city clerk. Its duration is for one year from the date of issuance.

This section also provides that anyone carrying on such business should keep all junk on the property where the business is carried on and not allow any junk to be placed in or upon any public street, alley, or public grounds. The property where the junk is kept must be inclosed by a tight fence not less than eight feet in height; the fence must be kept painted and no advertising matter allowed thereon. It provides further that no hides, pelts, or other material creating or causing any odor or stench so as to be a

nuisance to any of the surrounding property shall be kept on said premises.

Section 3 of the ordinance requires the holder of such a license to keep in his place of business a register in which he shall enter in writing a minute description of each article of personal property by him acquired by purchase or received on deposit or as a pledge in the course of his business. The details as to how the records are to be kept are stated in this section.

Section 4 requires any such licensee to exhibit his register and entries therein, as well as any personal property which he may have received by purchase or on deposit or in pledge, to the mayor or marshal of the city. when required.

For a violation of either § 3 or § 4 the offender, upon conviction thereof, is liable to the same penalty as provided for a violation of § 1. A rather full statement of the ordinance has been necessary in order that the important question involved may be properly considered.

Defendant had been operating, at his present location in Rochester, the business of a junk dealer for 15 years prior to 1929. He had been duly licensed each of the said 15 years under the provisions of this ordinance. In 1929 his application for a license was refused. He has during that year operated without a license. The complaint charged the violation as of June 3, 1929.

Defendant claims that during 1929 the character of his business (which theretofore had been in both small and large quantities) changed to the handling of junk that was moved only in carloads, trucks, and wagons—a wholesale business. Immunity is claimed by defendant on the ground that a wholesale dealer does not come within the meaning of the ordinance and if he does the ordinance is invalid.

It is strenuously contended that if the ordinance is construed to apply to and include defendant's wholesale business the ordinance is invalid and amounts to an attempt arbitrarily to deprive him of liberty and property without due process of law in violation of the fourteenth amendment to the constitution of the United States

and of art. 1, § 7, of the state constitution. This position is based on the assertion that because of the nature of his wholesale business it is impossible for him to comply with the provisions of §§ 3 and 4 of the ordinance.

The business of "junk dealer" may be regulated by the state or a municipality thereof under the police power. That designation is broad enough to include either a retail or wholesale dealer.

If as to the wholesale business the provisions of §§ 3 and 4 are unreasonable and their enforcement would result as claimed by defendant, it does not follow that the whole ordinance is invalid. If §§ 3 and 4 are eliminated and held not to apply to wholesale dealers, there will still remain a complete, workable ordinance which will effectually accomplish the regulatory purpose in so far as defendant's business is concerned. There may be some significance attached to the fact that each of §§ 1, 3, and 4 provides a penalty for a violation thereof.

If defendant had a license and §§ 3 and 4 were subject to the criticism he makes of them, he could successfully defend against an attempt to enforce them. The time for him to complain is when he is threatened with injury or has been injured by the action of the city council under these sections. City of Chicago v. Adelman, 326 Ill. 58, 156 N. E. 791. Defendant was not tried or convicted for a violation of either § 3 or § 4, about which sections he complains. He was convicted for a violation of § 1 (operating without a license) which is not claimed to be inapplicable as to him unless the whole ordinance is invalid. The record shows that for 15 years defendant operated under a license issued pursuant to the ordinance and was not injured or embarrassed.

Sections 3 and 4 are distinct and separable from the other sections of the ordinance. If those sections should fail as regards a wholesale junk dealer, the rest of the ordinance remains enforceable. Construing such ordinance, there is no apparent reason that would justify a court in reaching the conclusion that the city council would not have adopted it if it had thought that a wholesale junk dealer would not come within the scope of §§ 3 and 4. A statute

or ordinance should be construed if reasonably possible in such a manner as to avoid its unconstitutionality. 6 Dunnell, Minn. Dig. (2 ed.) §§ 8929 and 8931.

Among the many cases having a bearing on the propositions which we have found it necessary to consider are State v. C. M. & St. P. Ry. Co. 114 Minn. 122, 130 N. W. 545, 33 L.R.A.(N.S.) 494, Ann. Cas. 1912B, 1030; State v. Stone, 96 Minn. 482, 105 N. W. 187; State ex rel. Scheffer v. Justus, 85 Minn. 279, 88 N. W. 759, 56 L. R. A. 757, 89 A. S. R. 550; State ex rel. Minces v. Schoenig, 72 Minn. 528, 75 N. W. 711; Village of Wykoff v. Healey, 57 Minn. 14, 58 N. W. 685; City of Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235; State v. Kantler, 33 Minn. 69, 21 N. W. 856; 28 Cyc. 372; Barton v. Recorder's Court of Vale, 60 Or. 273, 119 P. 349; Little v. City of Attalla, 4 Ala. App. 287, 58 So. 949; City of New Orleans v. White, 143 La. 487, 78 So. 745.

The ordinance as we construe it violates none of defendant's constitutional or other rights. The order denying defendant's motion for a new trial is affirmed.

Order affirmed.

STONE, J. took no part.