457 So.2d 664 (1984)
STATE of Louisiana
v.
Philip E. LIUZZA.
No. 84-KA-0473.
Supreme Court of Louisiana.
October 15, 1984.
*665 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., G. Fred Ours, Kathy Torregano, Asst. Dist. Attys., for plaintiff-appellant.
Bruce G. Reed, Reed & Reed, New Orleans, for defendant-appellee.
WATSON, Justice.
At issue is the constitutionality of LSA-R.S. 14:84(4) which defines the crime of pandering as "[r]eceiving or accepting by a person as a substantial part of support or maintenance anything of value which is known to be from the earnings of any person engaged in prostitution."[1]
Philip E. Liuzza and a co-defendant[2] were indicted by a grand jury for conspiracy to commit pandering and pandering between September 1 and October 1, 1981 in violation of LSA-R.S. 14:84(4). The trial judge granted defendant's motion to quash the indictment, finding the statute unconstitutionally vague in its definition of the crime. The state has appealed[3] contending that the term "substantial" gives an adequate standard for determining the proscribed conduct.
The guarantee of procedural due process embodied in the United States Constitution and Art. I, § 2, of the Louisiana Constitution requires that a criminal enactment contain an ascertainable standard of guilt that is not "so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." Giaccio v. Pennsylvania, 382 U.S. 399 at 403, 86 S.Ct. 518 at 520-521, 15 L.Ed.2d 447 at 450 (1966). A statute must "... give individuals adequate notice of the conduct *666 prohibited by law." State v. Farris, 412 So.2d 1039 (La.,1982). Adequate notice consists of language which allows ordinary men of reasonable intelligence to understand and obey the law. State v. Dousay, 378 So.2d 414 (La.,1979); State v. Stilley, 416 So.2d 928 (La.,1982).
The constitutionality of the phrase "support and maintenance" in the pandering statute has been upheld. State v. Bourg, 248 La. 844, 182 So.2d 510 (1966), cert. denied 385 U.S. 866; State v. Arnold, 351 So.2d 442 (La.,1977).
"The words `support and maintenance' as used in the statute are synonymous and have a definite meaning which persons of ordinary intelligence may easily understand." State v. Bourg, 182 So.2d at 517.
Following Bourg and Arnold, the statute was amended by Act 219 of 1978, which added an additional element to the statutory definition of the crime. What is received from the earnings of a person engaged in prostitution must now constitute "a substantial part of" the support or maintenance of the person receiving it.
State v. LeCompte, 406 So.2d 1300 (La.,1981) upheld the constitutionality of the word "substantial" as used in LSA-R.S. 40:967(G)(2). That statute allows a district attorney to "move the sentencing court to reduce or suspend the sentence of any person ... who provides substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted or to related crimes." Despite the lack of guidelines for the meaning of "substantial assistance", LeCompte held that the statute "sets forth the requirements for leniency with as much exactitude as it is reasonably possible for a statute to do, and that the provision is susceptible of common understanding and can, therefore, be uniformly applied." 406 So.2d 1300 at 1308. LeCompte concerned a sentencing statute involving "leniency" which required a liberal interpretation in contrast to the strict construction given criminal statutes. State v. Boowell, 406 So.2d 213 (La., 1981); State v. Brown, 378 So.2d 916 (La.,1979).
Under this statute, individuals may be guilty of pandering on the basis of such extraneous factors as the amount of their income from sources other than prostitution.[4] Compare State v. Gill, 441 So.2d 1204 (La.,1983). Addition of the term "substantial" to LSA-R.S. 14:84(4) has deprived triers of fact of an objective fixed standard by which to decide what is and what is not prohibited in a particular case. The statute also fails to give adequate notice of the conduct prohibited. In the context of this statute, the word "substantial" is unconstitutionally vague.
The trial court correctly held that LSA-R.S. 14:84(4)[5] is unconstitutional and quashed the indictment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
DIXON, C.J., dissents.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs.
MARCUS, Justice (dissenting).
I do not consider that the prohibition against receiving or accepting anything of value as a substantial part of one's support or maintenance from the earnings of a person engaged in prostitution is unconstitutionally vague. I consider this to give adequate notice of the conduct prohibited by law. It is no more standardless than criminal negligence in the crime of negligent homicide. Accordingly, I respectfully dissent.
NOTES
[1] Only Section (4) of the statute is in question.
[2] The co-defendant pled guilty on June 6, 1983. His sentence of three years was suspended, and he was placed on inactive probation for three years.
[3] LSA-Const. 1974, Art. V, § 5(D)(1).
[4] The statute is also challenged as violating equal protection by discriminating against persons of lower income. This issue is pretermitted.
[5] Because the legislative enactment of this statute contains a severability clause, this decision is limited to subsection (4) of LSA-R.S. 14:84. See Act 219 of 1978.