NACCARI, Judge Pro Tern.
The defendant, John Tuscano, appeals his conviction for pandering, pursuant to LSA-R.S. 14:84(1) and (4), in matter # 82-926 on the docket of the Twenty-Fourth Judicial District Court. He argues on appeal that following the Louisiana Supreme Court’s finding that LSA-R.S. 14:84 (4) is unconstitutional, due process requires the vacation of his conviction. We disagree with the defendant’s contention and accordingly affirm the conviction.
Tuscano was arrested for pandering on January 22, 1982. By bill of information, the defendant was charged with violating LSA-R.S. 14:84(1) and (4). A jury trial was held on January 11 and 12, 1983 at which time the defendant was found guilty and sentenced to imprisonment at hard labor for a term of five (5) years. Subsequently, the defendant applied for post-conviction relief, which was denied at the trial level; writs were also denied by this court. The Louisiana Supreme Court, however, granted writs and transferred the case to this court for consideration as an out-of-time appeal.
Defense counsel presents one assignment of error for consideration:
The unconstitutionality of R.S. 14:84(4) has retroactive application to petitioner’s conviction in No. 82-926, thus requiring the vacation of that conviction.
This assignment of error was disposed of in a writ application denied by this court on March 1, 1985. Defense counsel does not provide any new or persuasive argument to effectively negate this court’s prior ruling. The argument at issue discusses the retro *68 active effect of the holding in State v. Liuzza, 457 So.2d 664 (La.1984), the case which held LSA-R.S. 14:84(4) to be unconstitutional. Whether or not retroactive application of the unconstitutionality of LSA-R.S. 14:84(4) must apply is not germane to the merits of this appeal.
The defendant was originally charged with violating LSA-R.S. 14:84(1) and (4) and was subsequently convicted under both sections. As the constitutionally deficient provision of LSA-R.S. 14:84 is clearly severable from the remaining sections of the statute,[1] the finding that one portion of the statute was unconstitutional did not affect the validity of the section of the statute under which the defendant was convicted. The Louisiana Supreme Court held in State v. Williams, 400 So.2d 575, 580 (La.1981) “[t]he unconstitutionality of one portion of the statute, however, does not necessarily render the entire statute unenforceable. If the remaining portion of the statute is severable from the offending portion, this Court often strikes only the offending portion and leaves the remainder intact.” When a section of a law is stricken and the remaining sections are complete in themselves, and capable of being executed, wholly independent of the section which was rejected; and where there is no conflict in the penalties imposed and no confusion, the conviction of a defendant under a valid section will stand. State v. Taylor, 396 So.2d 1278 (La.1981); State v. McCoy, 395 So.2d 319 (La.1980); City of New Orleans v. White, 78 So. 745, 143 La. 487 (La.1918). Thus, it is only necessary for this court to determine if the evidence presented by the state was sufficient to prove the elements of LSA-R.S. 14:84(1) in order to affirm Tuscano’s conviction in this matter.
To uphold the defendant’s conviction under LSA-R.S. 14:84(1), the following elements must be proven:
Section 84. Pandering
Pandering is the intentional:
(1) Enticing, placing, persuading, encouraging, or causing the entrance of any person into the practice of prostitution, either by force, threats, promises, or by any other device or scheme;
The test for determining the sufficiency of evidence was first enunciated, in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and has been followed by Louisiana jurisprudence. See State v. Langford, 483 So.2d 979 (La.1986); State v. Captville, 448 So.2d 676 (La.1984). In order to afford due process, the evidence, viewed in the light most favorable to the prosecution, must be sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
At trial, the evidence to prove the elements of the crime of pandering involved in this case was provided by the testimony of two eyewitnesses. It was shown that Tuscano, in the presence of his partner, offered an undercover agent a position as a prostitute. The offer was made with the provision that the agent give Tus-cano one hundred ($100.00) dollars as an initial fee and turn over to him all agency fees as well as a percentage of some of her earnings.
The only testimony which contradicted the essential elements of the state’s case was that of the defendant. It is not the function of a reviewing court, on appeal of a criminal conviction, to evaluate the credibility of witnesses and overturn a trial court on its factual determination of guilty. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Cockerham, 442 So.2d 1257 (La.App. 5th Cir.1983). It is the role of the fact finder to weigh the respective credibility of the witnesses, and an appellate court should not second-guess the credibility determination of the trier of fact beyond sufficiency evaluation under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Jackson, 452 So.2d 1225 (La.App. 2nd Cir.1984); State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
*69 A careful review of the entire record illustrates that the Jackson v. Virginia, supra test was met by the state as to the elements of LSA-R.S. 14:84(1). Therefore, defendant’s argument lacks merit. Accordingly, it is evident that the trial court’s refusal to grant post-conviction relief and the previous ruling of this court, when writs were denied March 1, 1985, should not be disturbed.
AFFIRMED.

. Acts 1978, No. 219, enacting LSA-R.S. 14:84, contains the standard severability clause.