J. BRUCE NACCARI, Judge Pro Tem.
The defendant, John Tuscano, was originally charged with pandering in violation of R.S. 14:84(1) and (4). After trial by jury, Tuscano was found guilty as charged, however, the jury verdict failed to specify under which subsection. The trial court then sentenced the defendant to a term of five years at hard labor. Subsequent to the verdict, R.S. 14:84(4) was declared unconstitutional. See State v. Huzza, 457 So.2d 664 (La.1984). Tuscano then applied for post-conviction relief to the district court; his application was denied and this Court likewise denied writs of review. The Louisiana Supreme Court granted writs and transferred the case to this Court for consideration as an out-of-time appeal.
On appeal, Tuscano argued one issue: that the holding in State v. Liuzza, supra, had retroactive effect, requiring the vacation of his conviction. This court disagreed, finding that the issue of whether retroaction application of the unconstitutionality of R.S. 14:84(4) should apply was not germane to the merits of the appeal. For the complete recitation of the facts of this case and the reasoning of this court for affirming his sentence and conviction, see State v. Tuscano, 492 So.2d 67 (La.App. 5th Cir.1986).
Tuscano applied for a writ of review to the Louisiana Supreme Court, his writ was granted and the case was remanded to this court for reconsideration in light of Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); State v. Tuscano, 494 So.2d 1165 (La.1986).
On remand, we have carefully reviewed the facts and the Court’s ruling in Strom-berg, supra to determine if the instant case is distinguishable.
In Stromberg, supra, the defendant, Yet-ta Stromberg, was convicted of violating section 403a of the California Penal Code which provided:
Any person who displays a red flag, banner or badge or any flag, badge, banner, or device of any color or form whatever in any public place or in any meeting place of public assembly, or from or on any house, building or window as a sign, symbol or emblem of opposition to organized government or as an invitation or stimulus to anarchistic action or as an aid to propaganda that is of a seditious character is guilty of a felony.
The statute, broken into its elements shows that the State must prove three elements in order to support a conviction. It must be proven that a person:
1) displayed] a red flag, banner or badge or any flag, badge or banner of any color or form,
2) in any public place or in any meeting place or public assembly or from or on any house, building or window,
3) as a sign, symbol or emblem of opposition to organized government, or as an invitation or stimulus to anarchistic action, or as an aid to propaganda that is of seditious characterf.]
In the information which accused Strom-berg, the charge was written conjunctively “uniting the three purposes which the statute condemned.” 51 S.Ct. at 533. After trial, when the trial court instructed the jury, it treated the described purposes dis-junctively, and charged the jury that they should find Stromberg guilty if they found *1313 proof beyond a reasonable doubt that she displayed a red flag at a summer camp for any of the three purposes set forth in the statute. The jury returned a verdict of guilty, but did not indicate which purpose they found.
Stromberg, on appeal, challenged the constitutionality of the statute. The California state court reviewed the constitutionality of each of the three clauses describing the prohibited purposes. The court found that the first prohibited purpose was of doubtful constitutionality but that the second and third clauses were constitutional. The first clause was disregarded and the defendant’s conviction was then affirmed under the remaining two clauses:
Having reached these conclusions as to the meaning of the three clauses of the statute, and doubting the constitutionality of the first clause, the state court rested its decision upon the remaining clauses. The basis of the decision, as more fully stated in the opinion of the two concurring justices was this: “The constitutionality of the phrase of this section, ‘of opposition to organized government,’ is questionable. This phrase can be eliminated from the section without materially changing its purposes. The section is complete without it and with it eliminated it can be upheld as a constitutional enactment by the Legislature of the State of California.” Accordingly, disregarding the first clause of the statute, and upholding the other clauses, the conviction of the appellant was sustained.
51 S.Ct. at 535.
The United States Supreme Court disagreed because it could not be determined from the record that the defendant was not convicted under the clause of doubtful constitutionality, if any clause was found invalid the constitution could not be upheld:
The verdict against the appellant was a general one. It did not specify the ground upon which it rested. As there were three purposes set forth in the statute, and the jury was instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the appellant was not convicted under that clause. It may be added that this is far from being a merely academic proposition, as it appears, upon an examination of the original record filed with this Court, that the State’s attorney upon the trial emphatically urged upon the jury that they could convict the appellant under the first clause alone, without regard to other clauses. It follows that instead of its being permissible to hold, with the state court, that the verdict could be sustained if any one of the clauses of the statute were found to be valid, the necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld.
51 S.Ct. at 535.
We note that the facts of Tuscano are similar of those in Stromberg. Both cases involve statutes which could be violated in more than one manner, both defendants were charged conjunctively with more than one clause of the statute, the courts treated the various clauses of the statutes dis-junctively in charging the jury, both defendants were found guilty without a specification of which clause of the statute was applicable and a clause of each statute (a violation of each defendant had been charged with) was subsequently declared unconstitutional.
However, we find that Tuscano can be distinguished from Stromberg in one very significant way. In Stromberg, the Court noted that it was impossible to determine from the record, under which section of the statute the defendant had been convicted. Because it could not be concluded that the jury did not convict the defendant under an invalid clause of the statute, the defendant’s conviction could not stand.
A review of the record in Tuscano’s case indicates clearly that the jury convicted the *1314 defendant of violating the valid provision of R.S. 14:84(1) and not the unconstitutional provision of R.S. 14:84(4).
Tuscano, was charged by bill of information with violating R.S. 14:84(1) and/or 14:84(4). The statute reads in pertinent part, that:
Pandering is the intentional:
(1) enticing, placing, persuading, encouraging, or causing the entrance of any person into the practice of prostitution, either by force, threats, promises, or by any other device or scheme;
* * * * # *
(4) receiving or accepting as a substantial part of support or maintenance anything of value which is known to be from the earnings of any person engaged in prostitution.
In reviewing the transcript of Tuscano’s trial, the evidence adduced supports a conclusion that the jury necessarily convicted him of R.S. 14:84(1). The evidence showed beyond a reasonable doubt that “Tuscano in the presence of his partner, offered an undercover agent a position as a prostitute. The offer was made with the provision that the agent give Tuscano one hundred ($100.00) dollars as an initial fee and turn over to him all agency fees as well as a percentage of some of her earnings.” 492 So.2d at 68.
The record however, contains little evidence which would show that Tuscano received, as a substantial part of support, anything of value from the earnings of a person engaged in prostitution, so as to justify a conviction under R.S. 14:84(4). Jeanette Gutierrez, Tuscano’s partner, testified that the agency received its $60.00 escort fee and percentages of each escort’s tips after each call and that Tuscano kept most of the money the agency generated. However, Tuscano testified that he also had an income from worker’s compensation in an amount of $144.00 weekly, which ended in a settlement of $2,500.00. No financial records of the company or of the amount of income Tuscano was receiving from the company were introduced at the trial. Likewise, no tax returns showing Tuscano’s income were introduced. We conclude therefore, that on this evidence, the jury could not have found the defendant guilty beyond a reasonable doubt of pandering under R.S. 14:84(4). Consequently, we find the jury necessarily found the defendant guilty under subsection (1) and the conviction is valid.
We find additional support for our conclusion in Louisiana codal and jurisprudential law.
LSA C.Cr.P. art. 480 provides:
If an offense may be committed by doing one or more of several acts, or by one or more of several means, or with one or more of several results, two or more of such acts, means, intents, or results may be charged conjunctively in a single count of an indictment, or set forth conjunctively in a bill of particulars, and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction.
Charging Tuscano conjunctively with violating both R.S. 14:84 subsection (1) and/or (4), and introducing evidence sufficient to convict on subsection one only is in compliance with Louisiana’s Code of Criminal Procedure.
Accordingly, the defendant’s conviction and sentence is affirmed.
AFFIRMED.